Pearson, J.
 

 The only question is, whether a deed of trust is void, which was made to secure several debts due t.o different individuals, some of which debts are usurious ? It is not void. The estate passed, and is a security for the debts not tainted with usury. The declarations of trust, only in reference to the usurious debts, are void.
 

 In
 
 Shober
 
 v.
 
 Hauser,
 
 4 Dev. & Bat. 91, it is held that a deed of trust, made to secure a usurious debt, is void; in that case there was but one debt secured, which debt being usurious, the deed could only operate as an “assurance for a usurious debt,” and was properly held to be void.
 

 But, in this case, there are several debts due to different individuals; some of them are not tainted with usury, and are in no wise connected with those that are. The operation of the deed was to pass the legal estate, with a
 
 separate declaration of trust,
 
 for each of the debts therein enumerated. There can be no reason, why the declaration of trust, in reference to one debt, may not stand, and the declaration of trust in reference to another be held void. So if a deed contains a declaration of trust, in favor of several debts, one of which is feigned, and there be no connection or combination between the creditors, to whom the true debts are due, and the grantor or person for whose benefit the feigned debt is inserted, there can be no reason why the declaration of trust, in favor of the true debts, may not stand and the feigned debt treated as a nullity.
 

 
 *430
 
 If a bond secures the performance of several covenants on conditions, some of which are legal and the others void, it is valid, so far as respects the conditions that are legal, provided they be separated from and are not depen* dent on the illegal. But if a contract be made on several
 
 considerations,
 
 one of which is illegal, the whole contract will be void. The difference is, that every part of the contract is induced and affected by the illegal consideration ; whereas in cases where the consideration is tainted by no illegality, but some of the debts are illegal, the illegality of such as are bad does not communicate itself -to, or contaminate, those, which are good, except where from some peculiarity in the contract its parts are insep’ arable, or dependent upon one another. 1
 
 Smith's leading cases 284, note to Collins v. Blanton
 
 and the cases cited. Here the
 
 consideration
 
 which raised the use, for the purpose of the conveyance, is merely nominal. The debts secured are distinct, due to different individuals and in no way connected with, or dependent on, one another — the deed is valid so far as respects the good debts. It would be unreasonable and defeat the object of deeds of trust, if they are to be declared void, and honest creditors deprived of their security for debts, because the debtor, without their knowledge or concurrence, may insert an usurious or feigned debt. No one would bid at a trustee’s sale, if he could be deprived of his title, by showing that one of many enumerated debts, was tainted with usury. The case of
 
 Harrison
 
 v.
 
 Hanent,
 
 5 Taunt. 780, was relied on for the plaintiff. That case is not an authority against the conclusion above announced, but tends, we think, greatly to confirm its correctness. The son of the defendant owed several debts to the plaintiffs, some of which were usurious ; and wishing to get a further advance, agreed to draw three bills upon his father as a security for the whole. The bills were accepted and the first paid : but, in a suit on the second, it was held to be
 
 *431
 
 void, because it was a security for an amount, in which were included some usurious debts. Although it was urged, that the amount of the first and second bills would not exceed the amount of the good debts, the reply was, that, if the plaintiff was allowed to recover, he could apply the amount to the bad debts and sue the son on the good debts ; that it was the same as it the son had given his note, with his iather as security, for the whole debt. The contract was entire. The security was given as well for the illegal as the legal part; they are connected together and cannot be separated, which distinguishes it from this case. Here the debts are not connected ; one may be paid and another rejected It is the duty of the trustee to pay the good and reject the bad ones. It is the same as if a separate deed of trust for each of the creditors had been executed.
 

 Per Curiam.
 

 Judgment affirmed.