M. E. CARTER, Assignee, &c., *v.* W. M. COCKE.

A deed in trust to pay debts, which reserves to the grantor's wife *dower* in the land conveyed is, so far, inoperative, but the invalidity of such reservation does not avoid the deed.

Where such deed set forth that the grantor had a life estate in a certain fund of $8,500, which, upon his death would go to his issue, and that he had made use of such fund, and therefore provided that the trustee should pay the $8,500 immediately to such issue, [making no abatement for the life estate.] *Held*, that as the deed furnished the means for correcting the mistake into which the grantor had fallen, the provision, in effect, amounted to no more than that the trustee should pay to such issue *the value of their reversionary claim.*

Nor is a provision for satisfying a creditor *in case he should pay "liberally" for certain property,* invalid, in a case where the fund applicable to the grantor's debts is, in proportion, small, and such *liberal* bidding will turn to the benefit of the fund, and not of the grantor; *Therefore,* where, in such a case, the deed provided in the first place for the payment of two specified debts by a sale of property to the highest bidder for cash, and afterwards (having referred to a third debt as one he wished to pay) directed that the trustee "instead of selling the said mountain lands as hereinbefore provided, is hereby fully authorized and empowered to adjust said debt, provided a portion of said mountain lands would be taken at liberal prices in full satisfaction of the same." *Held*, that the provision was valid.

(*Brannock* v. *Brannock*, 10 Ire. 428, cited and approved, *Stone* v. *Marshall*, 7 Jon. 300, cited, commented upon and approved.)

ACTION for the possession of land, tried before *Henry, J.,* at Spring Term 1870 of BUNCOMBE Court.

The plaintiff was assignee in bankruptcy of Robert H.

CARTER, Assignee &c. *v.* COOKE.

Chapman, who had been adjudicated a bankrupt in December 1868; and the defendant was trustee for the purpose of paying certain debts of said Chapman, under a deed of conveyance from him, dated February 8th 1867. The lands in question were included in the deed, and the plaintiff claimed that, as against creditors, this deed was fraudulent upon its face, and void.

The features in the deed which were impeached by the plaintiff as fraudulent, were:

1. A *reservation of dower* to the grantor's wife, in case she survived him, &c., followed by a direction to the trustee to sell the lands conveyed to him, *subject* to said right of dower, &c.

2. A direction to pay to certain issue of the grantor, a sum of $8,500, whereas previous clauses of the deed alleged that they were entitled to such sum only after the grantor's death, he being entitled to a life estate therein.

3. A direction to the trustee, in the last part of the deed, that "instead of selling the said mountain lands as hereinbefore provided," he should also adjust a certain debt not theretofore mentioned, "provided a portion of such mountain lands would be taken at liberal prices in full satisfaction of the same": the former part of the deed having provided that such lands and others mentioned, should be sold at public auction to the highest bidder for cash, and the proceeds applied to the payment of two debts therein specified.

It was admitted that the grantor was entirely insolvent, and also that there was no other fraud about the deed than that which the law might infer from the clauses above alluded to.

His Honor gave judgment for the defendants, and the plaintiff appealed.

*Battle & Sons* for the appellant.

The deed is void upon its face, because:

CARTER, Assignee &c. v. COCKE.

1. Of the provision for the wife.

2. It makes a provision for his children &c., greater in. amount than is due.

3. It imposes *terms* upon some of the creditors, not justified by law.

They cited and remarked upon *Hardy* v. *Simpson*, 13 Ire. 132; *Hardy* v. *Skinner*, 9 Ire. 191; *Hafner* v. *Irwin*, 1 Ire. 490; *Johnson* v. *Murchison*, 1 Win. 292; *McCorkle* v. *Hammond*, 2 Jon. 444; *Jessup* v. *Johnston*, 3 Jon. 335; *Rea* v. *Alexander*, 5 Ire. 694; *Kessin* v. *Edmondston*, 1 Ire. Eq. 180; *Cunningham* v. *Freeborn*, 11 Wend. 240; *Waterbury* v. *Sturtevant*, 18 Ib. 353; *Fielder* v. *Day*, 2 Sand. S. C. 594; *Robinson* v. *Stewart*, 10 N. Y. 189; *Collomb* v. *Caldwell*, 16 Ib. 486; *Barney* v. *Griffin*, 2 Coms. 365; also *Palmer* v. *Giles*, 5 Jon. Eq. 75; *Hoke* v. *Henderson*, 3 Dev. 12.

*Bragg, contra.*

The attempt to *reserve* dower to the wife is entirely *inoperative;* all passes to the trustee.

He cited and commented upon Sheph., Touch. pp. 78 and 80, 2 Thos. Co., App. Harg. n n. 791, 792, Sand. U. & T. 319 to 324, 4 Kent. 296 *et. seq., Davenport* v. *Wynne*, 6 Ire. 128; *Jackson* v. *Sebring*, 16 John. 515, and *Wickham* v. *Hawker*, 7 M. & W. 63.

RODMAN, J. We assume. in this case, that the plaintiff is entitled to represent the creditors of Chapman, and to recover possession of the lands, if the deed from Chapman to the defendant is fraudulent and void as to the creditors of Chapman.

We will examine the objections to the deed, in order:

1. It is said to be void because the grantor attempts to secure an unlawful benefit to his wife.

It is conceded that every conveyance by an insolvent, for the benefit of his family, to the detriment of his creditors,

16

is fraudulent and void; and therefore, that the provision in this deed in trust, that his wife may have dower, whatever might be the effect of it simply as between the parties and independent of any question arising out of the claims of creditors, under the present circumstances, is ineffectual and void. The provision for the wife is fraudulent in law and void, because it attempts, unlawfully, to withdraw some portion of the estate of the insolvent from the just claims of his creditors, in favor of a volunteer. But does this attempt infect the whole conveyance, and avoid it, not only so far as the disposition in favor of the wife is concerned, but altogether? It is admitted that the debts of Milliken and to Summey are just, and that the debt to the child and grandchildren is also just, though as to the last it is alleged that its immediate payment is provided for, although the grantor has an estate in the fund during his life; this circumstance respecting the latter debt will be considered hereafter, as will also be the provision in the deed respecting the debt to Summey. It has been held that where any part of an entire consideration of a deed is illegal, the whole deed is void; but if the consideration, and some only of the conditions or declarations of trust in the deed be illegal, which are capable of being separated from the others, then only those which are illegal will be avoided, and the others will be sustained. *Brannock* v. *Brannock*, 10 Ire;, 428. It may be a little difficult to reconcile the decision in *Stone* v. *Marshall*, 7 Jon. 300, with the principle of the above cited case. The distinction between the two cases on which the court proceeded, is obvious enough; in the latter the grantor was guilty of a direct and intentional fraud for his own benefit, and the court held that the fraudulent intent entered into and affected the consideration; whereas, in *Brannock* v. *Brannock*, although some of the debts secured in the trust deed were illegal as being usurious, there was no fraud intended by the grantor for his personal benefit. It is certain that *Stone* v. *Marshall* did not intend to modify *Brannock* v. *Brannock*,

as it cites it, and quotes its language with approval. In the last named case it is said: "Here the consideration which raised the use for the purpose of the conveyance, is merely nominal. The debts secured are distinct, due to different individuals, and in no way connected with, or dependent on one another: the deed is valid so far as respects the good debts." So, in this case, the consideration is nominal, the attempted provision for the wife is unconnected with the other trusts declared, and naturally separated. Void itself, we think it does not avoid the whole deed.

2. It is objected that the grantor attempts to secure his child and grand-children the immediate payment of a sum in which he has a life estate. We do not consider the deed either as altogether fraudulent by reason of this provision, nor do we consider this declaration of trust fraudulent. The grantor states that he has a life estate in the fund, and the facts showing how his life estate, and the estate of the reversioners arose.

If he makes an error, in providing for the immediate payment of the full amount to which the reversioners were entitled only *in futuro,* he also supplies the means by which the error can be corrected. When the defendant shall sell the property, and apply the proceeds to the satisfaction of the trusts declared, he will pay the reversioners only the present value of their debt; that is, such a sum as, at the death of the grantor, will be equal to the sum due them. This sum can be calculated from the tables of annuity.

3. The provision for paying the debt to Summey, executor &c., only in case he shall give a liberal price for certain lands.

It is conceded that any provision by which a grantor requires of a creditor any concession for his personal benefit, would be void; but in this case, whatever benefit the trust fund may derive from the liberal price to be paid by Summey, will not enure to the benefit of the grantor, but to that, primarily, of the other creditors secured in the deed, and secondarily, of the other creditors of the grantor.

It follows from these views, that the plaintiff has no right of possession.

PER CURIAM.                    Judgment affirmed.