STEPHEN H. MORRIS v. AMOS PEARSON.

*Trust Deed—Consideration—Fraud.*

A deed in trust made to secure several debts of which one is feigned and fraudulent and the others valid, will be sustained for the benefit of the true creditors, but is inoperative as to the fraudulent claim ; *provided,* that neither the trustee nor the true creditors have connived at the insertion in the deed of such fraudulent debt.

(*Hafner* v. *Erwin,* 1 Ire. 490 ; *Brannock* v. *Brannock,* 10 Ire. 428 ; *Shober* v. *Hauser,* 4 Dev. & B ·t. 91 ; *Harris* v. *DeGraffenreid,* 11 Ire. 89 ;

*Flynn* v. *Williams*, 7 Ire. 32; *Jackson* v. *Hampton*, 8 Ire. 457; *Springs* v. *Hanks*, 5 Ire. 30; *Blount* v. *Blount*, 2 Car. L. R. 587; *Hogan* v. *Strayhorn*, 65 N. C. 279; *Carter* v. *Cocke*, 64 N. C. 239; *McNeill* v. *Riddle*, 66 N. C. 290; *Trustees* v. *Satchwell*, 71 N. C. 111, cited, commented on and approved, and *Stone* v. *Marshall*, 7 Jones 300, overruled.)

CIVIL ACTION to recover Possession of Land, tried at Spring Term, 1877, of WILSON Superior Court, before *Kerr, J.*

The case states that in January, 1866, one Robert Williams executed to the plaintiff, who was his brother-in-law, a deed in trust conveying the land in dispute to secure the debts therein mentioned, to wit, one debt of $2000 to Polly Morgan, the mother of the grantor, one note for $500 in favor of S. H. Morris, one for $625 in favor of John Morris, being the purchase money for the land, and other small claims amounting to about $80. It appeared from the evidence that the debt secured in favor of Polly Morgan was feigned and without consideration. The validity of the cther debts was not questioned. There was no evidence of any combination or collusion between the persons holding the valid debts and Polly Morgan; or between them and the grantor for the benefit of the grantor or for any other purpose; or that the trustee or any of the parties interested had any knowledge of the intention of said Williams to make a deed in trust until after the execution thereof; nor was there any evidence of any agreement between the grantor and Polly Morgan, or that she knew of the execution of the deed. The deed was registered in January, 1866, but was not signed by the trustee, nor was he present at the time it was written.

And in June, 1866, the said Williams executed a second deed in trust to James W. Davis conveying said land to secure the debts therein set forth, to said Davis and others, the validity of which was not questioned, and also one of

$200 to said Morgan, which was feigned and fraudulent. This deed was registered in July, 1866.

The trustee, Davis, sold the land in December, 1866, to Henry Harris, and by successive deeds of conveyance the title came to the defendant, against whom the plaintiff brought this action to recover possession.

The Court charged the jury that if the debt to Polly Morgan secured in the deed to plaintiff was fraudulent, the deed was void as to creditors, notwithstanding there were *bona fide* debts included. Plaintiff excepted.

The defendant's counsel requested the Court to charge, that where there are two fraudulent grantees, the one in possession is entitled to retain possession as against the other; which was given and the plaintiff excepted.

The plaintiff's counsel then asked the Court to charge, that even admitting the debt in favor of Morgan to be feigned and fraudulent, still if the other debts were valid, and there was no combination or connection between the creditors to whom the true debts were due and the grantor or person for whose benefit the feigned debt was intended, or between the grantor and trustee, the deed would not be fraudulent, and the plaintiff would be entitled to recover; which was refused and the plaintiff excepted.

Under the ruling of the Court the jury rendered a verdict for the defendant. Judgment. Appeal by plaintiff.

*Messrs. Connor & Woodard* and *Busbee & Busbee*, for plaintiff.

*Mr. E. G. Haywood*, for defendant.

RODMAN, J. The only question which it is necessary to decide in this case is this: Whether the deed made by Williams to the plaintiff was void because it attempted to secure a fictitious debt to Polly Morgan, the other debts secured being valid and *bona fide* and when neither the trustee

(the plaintiff) nor any of the creditors provided for, participated in, or had any knowledge of the fraudulent purpose of the grantor?

The defendant purchased for value, but he cannot say that he purchased without notice, for the registration of the deed to the plaintiff was notice. That is the principal purpose and policy of the registration acts. As the question is of practical importance and likely often to occur, and there is a difference among the authorities, it is necessary to consider them with some care.

The first case in this State that is usually cited as bearing on it is that of *Hafner* v. *Erwin*, 1 Ire. 490 (June 1841).

It is said in the head note to decide that if a part of the consideration of a deed is fraudulent as to creditors, the whole deed is void. No doubt that is a correct statement of the law, but it is not an accurate deduction from the case. And the case has sometimes been supposed to decide that if any one of the debts secured in a deed is fraudulent as to creditors, the whole deed is void. It will be seen on an examination of the case that nothing of that sort could have been, or was decided, and there is not even a dictum to that effect.

Dwight made a deed in trust to secure debts, all of which were *bona fide*. There were circumstances in evidence tending to prove that the deed was not made *bona fide* to secure the debts provided for, but for the purpose of hindering and delaying the collection both of those and other debts.

The case was tried before *Pearson*, *J.* whose instructions to the jury were—as his always were—lucid and to the point. He left the question of fraud to the jury, who found for the plaintff, thereby negativing any fraud in fact. The opinion of this Court was given by GASTON, J. and a new trial was ordered upon the ground that the Court below had erred in refusing to instruct the jury as requested by

the defendant, "that if there was an understanding between Dwight (the grantor) and the plaintiff (the trustee) that the deed should be kept secret and not registered unless the other creditors made a fuss, the deed would be fraudulent," and in saying "that such an understanding would not make the deed fraudulent, for until it was registered it created no lien, and could not be in the way of others." In reference to this, GASTON, J. says that the principle of the decision of the Court is, that the *whole purpose* of the parties to the conveyance must be the devotion of the property *bona fide* to the satisfaction of the preferred creditors, and no part of that *purpose,* the hindering and delaying of creditors except so far as it is the unavoidable result of the preference given; and that an agreement to keep the deed secret and not register it, &c., was evidence of a fraudulent purpose. This was the only point decided in the case.

The next case was *Brannock* v. *Brannock*, 10 Ire. 428, in 1849. Ejectment. The plaintiff purchased the land at a sheriff's sale upon execution against one Thompson; the defendant claimed under a deed made to him by Thompson in trust to secure debts, some of which were usurious and others *bona fide* and just. The Court affirmed the judgment below for the defendant; PEARSON, J. delivering the opinion of the Court, refers to the case of *Shober* v. *Hauser*, 4 Dev. and Bat. 91, in which it had been held that a deed to secure a single usurious debt (no other debt being secured) was *void*, and that an innocent purchaser from the trustee acquired no title, and says:—

"If a contract be made on *several considerations*, one of which is illegal, the whole contract will be void." Just above the sentence quoted he says: "If a bond secures the performance of several *covenants or conditions,* some of which are legal and the others void, it is valid so far as respects the conditions which are legal, provided they may be sepa-

17

rated from and are not dependent on the illegal." He further says:

"*Here the consideration which raised the use for the purpose of the conveyance, is merely nominal. The debts secured are distinct, due to different individuals, and in no way connected with or dependent on one another. The deed is valid, so far as respects the good debts.*"

The question decided in the above case came again before the Court in June, 1850, in *Harris* v. *DeGraffenreid,* 11 Ire. 89. It differed from *Brannock* v. *Brannock,* in this, that whereas in that case one of the debts was void for usury, in this case one of the debts secured in the deed was in part fictitious, and was inserted by an arrangement between the grantor and creditor with a view to save the land for the grantor's family. The plaintiff was a purchaser for value and *bona fide* from the grantor after the registration of the deed in trust. The Court affirmed the judgment of the Court below for the defendant, who purchased at the sale by the trustee.

It is assumed that there is no difference affecting the question between a debt void for usury, and one void as to creditors, &c., as being voluntary. *Brannock* v. *Brannock* is cited as controlling the decision. One observation of RUFFIN, J., who delivered the opinion of the Court, is worth noting in connection with our case; it is to the effect that the plaintiff might recover the price he paid, out of the sum raised by the trustee on his sale, to the extent of the fictitious part of the debt secured to Perry.

The next case in order of time is *Stone* v. *Marshall,* 7 Jones, 300. December Term, 1859. The plaintiff claimed certain slaves and other personal property under a deed made to him by one Stoker to secure debts, some of which were just and others fictitious, and inserted for the purpose of benefiting the grantor. But the trustee had no knowledge of such intent, or of the fictitious character of the

debts. The defendant was a sheriff and claimed the property under a levy made by him under a judgment recovered after the registration of the deed in trust. A jury in the Court below on the instructions of the presiding Judge found for the plaintiff, and this Court reversed the judgment. The learned Judge who delivered the opinion of this Court, after stating correctly the effect of one illegal or fraudulent *consideration* as vitiating the whole deed, proceeds to say : " *In the assignment to pay debts, the debts secured form the consideration for the deed.*" And again : " Every conveyance with the *intent* to delay, &c., is void by the statute. The *intention* of a conveyance is to accomplish the objects that moved the maker to execute it, and if any of these latter be covenous, the *intent* is necessarily so." If these propositions can be maintained as law, the decision is right, and *Brannock* v. *Brannock*, and *Harris* v. *De Graffenreid*, are wrong. In support of them His Honor cited *Hafner* v. *Erwin*, 1 Ire. 490; *Flynn* v. *Williams*, 7 Ire., 32, and *Rathburn* v. *Platner*, 18 Barb. (N. Y.) 272.

It has been seen how far *Hafner* v. *Erwin* applies. In *Flynn* v. *Williams*, but one debt was secured, and that was found to be fraudulent, and the deed was admitted to be void, as to the life estate which the grantor had at the execution of the deed, but the plaintiff contended that it was not void as to the fee which afterwards came to the grantor. In the case from New York all the debts secured were *bona fide*, and it seems to have been proved by facts *dehors* the deed, that it was made with a fraudulent intent by the grantor, and the question discussed by the Court, was, whether this fraudulent intent in the grantor, although not participated in by the trustee or the secured creditors, vitiated the deed ; and the decision was that it did. None of these cases resemble the present, or *Stone* v. *Marshall*, in the important fact that some of the secured debts are good, and some bad.

If we examine the proposition of the learned Judge, we think it will appear that he has confounded the *consideration* of a deed, with the intent or *purpose of making it.* The latter is sometimes, especially in works on equity, spoken of as if it was the consideration, but in accurate technical language, the consideration is the immediate present compensation which the grantor receives, be it real or nominal, and which is necessary in deeds of bargain and sale to raise an use; and not the remote purpose which the bargainor may have in mind which is manifested by the uses or trusts declared. This distinction appears in 2 Shephard's Touchstone, 510, 511, and even more expressly in *Jackson* v. *Hampton*, 8 Ire., 457, (August Term, 1848) where it was held that a deed to secure valid debts, if no other consideration appeared, was void; in other words, that the purpose of the deed as declared, was not such a consideration as was necessary to support it. See also *Springs* v. *Hanks*, 5 Ire., 30, and *Blount* v. *Blount*, 2 Car L. R. 587, in which a grantor had undertaken to convey land to an illegitimate child, yet as no valuable or good consideration appeared, the deed was held insufficient. These cases are not cited to show that a consideration is *now* necessary to a deed. The contrary was decided in *Hogan* v. *Strayhorn*, 65 N. C., 279. But they do establish that in the opinion of this Court at least up to 1859, the purpose of a deed, as to pay the debt of the grantor, &c., can not properly be spoken of or regarded as the consideration of the deed.

In this respect and as to this proposition the cases of *Brannock* v. *Brannock*, and the others coinciding with it, are irreconcilable with *Stone* v. *Marshall.* And the proposition as to which the cases contradict each other is not in either of them a *dictum*, but is in each the proposition on which the decision depends, or as it is called the *ratio decidendi.*

Since the case of *Stone* v. *Marshall*, several cases have been decided in this Court, involving more or less directly the

question decided in that.   It is unnecessary to do more than merely to cite some of these.   *Carter* v. *Cocke*, 64 N. C. 239; *McNeill* v. *Riddle*, 66 N. C. 290; *Trustees of Wilson College* v. *Satchwell*, 71 N. C. 111.

In this conflict between the decisions of this Court, which merely as decisions are equally entitled to our following, we are obliged to look to the opinions of learned authors and the decisions of other Courts, and with the exception of some decisions in New York which I have, found referred to, but have not been able to examine, they will be found unanimously to support our cases of *Brannock* v. *Brannock*; *Harris* v. *DeGraffenreid*, and *Jackson* v. *Hampton.*

The doctrine is fully and clearly discussed, and the older cases cited, in Metcalf on Contracts 246; and I may be pardoned for a somewhat long citation from a book of such eminent merit:—

" It has heretofore been mentioned that if one of two considerations of a promise be *void* merely, the other will support the promise ; but that if one of two considerations be unlawful, the promise is void.   When, however, the illegality of a contract is in the act to be done, and not in the consideration, the law is different.   If, for a legal consideration, a party undertakes to do two or more acts, and part of them are unlawful, the contract is good for as much as is lawful, and void for the residue.

Wherever the unlawful part of a contract can be separated from the rest, it will be rejected and the remainder established.   *   *   *   But it was asserted until it became a maxim, that if any part of an agreement be contrary to a statute, the whole is void.   This distinction seems to stand on no sound principle, and upon examination will not be found as a general rule to be supported by authority."   The cases cited fully sustain the author. 2 Chitty Contr. 973, 11th American edition, is to the same effect.

In 1 Jones on Mortgages, § 620, it is said : " Where the consideration of a mortgage is made up of several distinct transactions, some of which are legal and others are not, and the one can be separated with certainty from the others, the mortgage may be upheld for such part of the consideration as was free from the taint of illegality."

In Bump on Fraud. Conveyances, 385, under the heading of *Fictitious Debts :* "An appropriation of the property to the payment of debts not owing by the assignor, and not contracted on his account, or for a larger sum than is due, to the prejudice of his creditors is evidence of fraud. This will not, however, make the assignment void, unless the assignee participates in the fraud."

In *Hardcortte* v. *Fisher*, 24 Mo. 70 : (1856) " We think it pretty well settled by the course of decisions in this State in reference to a voluntary assignment, that the fraud of one or more of the creditors does not defeat it altogether, and render it wholly ineffectual in favor of the others, and we are not disposed after reconsidering the matter to change the course of adjudications on this subject. The Courts of Virginia, North Carolina and Alabama have taken the same view," citing *Brannock* v. *Brannock*, and *Harris* v. *DeGraffenreid*.

In *McIntosh* v. *Corner*, 33 Md. 598, 607 : " But it by no means follows that because some of the preferred debts may be fraudulent, and therefore void, that the assignment itself should be declared a nullity. Some of the debts claiming priority of payment may be founded in fraud, and still the general assignment be good as to all debts that are *bona fide*." *Fedman* v. *Gamble*, 26 N. J. Eq. 494 ; *Careton* v. *Woods*, 28 N. H. 290.

In the present case we think the deed to the plaintiff was not void by reason that it secured a fraudulent debt. Although the trustee cannot appropriate any part of the fund

to the payment of that debt, yet the deed is a valid security for the good debts.

There is error in the ruling of the Judge below.

Error.

PER CURIAM. *Venire de novo.*