## GUGGENHEIMER & ADELSDORF v. JOHN BROOKFIELD.

*Fraud and Fraudulent Conveyances—Attachment.*

1. A debtor unable to pay his indebtedness in full, has the right to prefer creditors, if he make no reservation for his own benefit to the injury of creditors unprovided for.

2. An attachment issued upon an affidavit alleging a fraudulent disposition of property, and it appeared that the defendant executed a deed to a trustee to secure debts to certain preferred creditors, which was placed in the hands of an attorney to be delivered when it became necessary to give priority to them; and upon being informed of the attachment proceedings, the trustee executed the deed and placed it in the register's hands for registration on the same day the attachment issued. The court found as a fact, and adjudged that the defendant had not assigned his property to defraud creditors; *Held*, no error.

(*Rencher* v. *Wynne*, 86 N. C., 268; *Hale* v. *Richardson*, 89 N. C., 62; *Moore* v. *Hinnant, Ib.*, 455, cited and approved).

---

NOTE.—SMITH, C. J. The case of Claflin & Co. against Brookfield is similar to this case, and must be disposed of in the same way. There is no error. This will be certified.

MOTION to vacate an attachment, in an action pending in MECKLENBURG Superior Court, heard at Charlotte on March 16th, 1883, before *MacRae, J.*

From the judgment vacating the attachment the plaintiffs appealed.

*Messrs. Burwell & Walker*, for plaintiffs.
*Messrs. Jones & Johnston*, for defendant.

SMITH, C. J. The plaintiffs commenced their action on March 2d, 1883, and at the same time sued out a warrant of attachment which was at once levied upon goods of the defendant. The order for its issue was based upon an affidavit stating that the defendant "has assigned and disposed of some of his property with intent to defraud his creditors, as affiant is informed and believes."

After giving notice to the plaintiff of the intended application, the defendants' counsel on March 16th moved before *MacRae, J.*, to vacate the order and discharge the attachment, which being heard upon affidavits, was allowed, and the plaintiffs appealed.

The evidence has been unnecessarily sent up, since the facts are found by the court, and there being no suggestion that there is no evidence to support any of the several findings, they are conclusive in an appellate review.

The fact relied on principally, if not wholly, to sustain the allegation of fraudulent assignment, was a deed in trust executed by the defendant to one J. M. Avery, conveying the defendant's stock of goods in Charlotte, and his choses in action to the trustee to secure debts due to The Traders' National Bank in that city and the copartnership firm of Latta & Bro. The circumstances attending the assignment are as follows:

On the 20th day of January preceding, the defendant caused the deed to be prepared by his attorneys, giving the said preference, and signed and sealed the same in the presence of the president of the bank, who became an attesting witness, and

placed the deed in the hands of his attorneys to be held by them, and delivered only when it became necessary to give priority to them over other creditors of the debtor. It was the bargainor's intention that the deed should not take effect by delivery, unless he failed to obtain indulgence on his maturing debts, or could make such arrangements with his creditors as would enable him to continue in the prosecution of his business.

The president of the secured bank, hearing of the issue and levy of the plaintiffs' attachment, gave information to the attorneys in custody of the deed, to carry out the purposes of the bargainor; and thereupon the trustee Avery, also executed it in presence of the same subscribing witness by whose oath it was proved and placed in the hands of the register for registration, between the hours of one and two o'clock P. M. of the same day on which the attachment issued.

Upon these facts, and many more relating to other transfers of property, not insisted on before us and not therefore necessary to be restated, the court declares in general terms, " that the defendant has not assigned or disposed of any of his property with intent to defraud his creditors," and adjudged " that the order of attachment heretofore made in this action be vacated."

There may be an intent apparent upon the face of a deed, and, if not, shown by proofs *aliunde*, as to secure a benefit to the debtor, or to others for whom he wishes to provide, which will equally avoid the deed as if its direct purpose was to hinder and delay creditors, and such an instrument made with such intent would be fraudulent and inoperative against creditors. But a debtor unable to pay his indebtedness in full, has an undoubted right, in the absence of a bankrupt law, to make preferences in the distribution of his property among the creditors, when the appropriation is absolute and with no reservation for his own benefit to the injury of creditors unprovided for.

Under such circumstances the intent is itself a substantive fact, to be found as such, and a material element in the

:assignment. In this case the fraudulent intent is negatived by the finding of the court, and we must act upon the assumption of its non-existence. *Rencher* v. *Wynne*, 86 N. C., 268; *Hale* v. *Richardson*, 89 N. C., 62.

The subject is so recently examined in *Moore* v. *Hinnant*, 89 N. C., 455, that we do not consider it needful to pursue it further.

There is no error in the ruling of the court in discharging the attachment and vacating the order for its issue. Let this be certified.

No error.                                                          Affirmed.