BALLARD and WILY, Trustees of B. L. DUKE v. LELIA R. GREEN, Administratrix of LUCIUS GREEN.

*Illegal Consideration—Contracts—Gambling Contracts.*

Where one lends money to another to pay losses incurred in speculation in "futures" it may be recovered provided the lender was not connected directly or indirectly in the speculation.

CIVIL ACTION, tried before *Coble, J.*, and a jury, at January Term, 1896, of DURHAM Superior Court.

The plaintiffs, as trustees for B. L. Duke, sued to recover from the defendant, as administratrix of Lucius Green, the sum of $14,158.65.

The defendant answered that the consideration of the contract under which the balance was alleged to be due was illegal, being for money lent to carry on speculation in futures. The jury, under the instructions of his Honor, found that while the larger part of the account was tainted by the illegality alleged, the sum of $3,000 had been loaned by the trustor of plaintiffs independently of any connection that he, the trustor, had with the speculations. Judgment was rendered for plaintiff for $3,000 and defendant appealed. The pertinent facts are stated in the opinion of Chief Justice FAIRCLOTH.

*Messrs. Fuller, Winston & Fuller,* for plaintiff.
*Messrs. Manning & Foushee,* for defendant (appellant).

FAIRCLOTH, C. J.: The plaintiff institutes this action and alleges that their assignor, B. L. Duke, loaned the defendant's intestate a large sum of money, and demands judgment accordingly. The defendant admits that the assignor and her intestate were engaged in much specula-

tion in products, usually called " futures," (dignified or nicknamed in the account as " adventure account ",) and avers that these transactions were utterly void, according to the Act of 1889, Ch. 221, and pleads the same in defense to this action.    Two issues were submitted to the jury: 1. " Was the consideration of the contract sued upon in this action, or any part thereof, money paid for losses in speculating in cotton or other articles mentioned in the statute, commonly called futures; if so, for how much of the amounts claimed by plaintiffs ?    Ans., ' $11,158.65, not recoverable.' "

2. " How much does the defendant owe the plaintiff on lawful contracts?    Ans., ' $3,000, recoverable.' "

Only one witness was examined, who was book-keeper for Duke, and the witness produced an itemized account, which was introduced as evidence by defendant.    The witness testified that the $3,000 allowed by the jury had no connection with and was no part of the speculative transactions—that that item was a loan of money, paid by a check on Clews & Co., and that the speculations were with Daniel O'Dell & Co., of New York.    The defendant made her exceptions to the evidence unimportant by introducing the paper-writing to which they referred.    The third prayer for instructions was in substance given in the charge.    The fifth exception must be overruled.    It raises the question of " proper evidence other than any written evidence thereof " required by said Act, Section 2.    We need not trouble ourselves with that question in this case as the witness says " the $3,000 item that I have been speaking of, I have recollection of independently of this paper."    His Honor instructed the jury that the burden is on the plaintiff to show in what amount the defendant is indebted to him, and that the contracts sued on are lawful in their nature and purposes, and that if they failed to do so, they cannot

BALLARD *v.* GREEN.

recover. Also, that if said Duke & Green were engaged in any of said speculations and the former advanced money to pay losses of the latter, or was directly or remotely connected in any way whatever with said speculations, and that the contract sued on was based on such consideration, it was unlawful under the statute. On the other hand, if Duke was no party to such dealings and advanced no money to any one directly or indirectly to pay Green's losses, or if he advanced money as *loans* to Green at his request, which was to pay Green's losses, then such loan or advancement was a lawful contract and plaintiff is entitled to recover money so loaned. This means, if the jury believed that Duke loaned the money and had no connection with the speculations, that it was a valid contract and plaintiff would be entitled to recover. *Williams* v. *Carr*, 80 N. C., 294. The 4th and 6th prayers for instruction and the exceptions to the charge are pertinent on the main question argued in this Court, to-wit, Can a contract be enforced when a part of the consideration is illegal and a part is legal and valid? The question is scarcely presented, as the only witness examined testified that the item recovered was a separate transaction and had no connection with the illegal one, and we may assume that the jury so decided, as they ignored the entire account containing vicious and valid items, as testified to by the witness. As the question has been long since settled, we need only refer to the authority: In *Morris* v. *Pearson*, 79 N. C., 253, all the cases decided by this Court and other authorities are collected and carefully reviewed, overruling *Stone* v. *Marshall*, 7 Jones, 300, and the rule declared in *Morris* v. *Pearson*, *supra*, still prevails. 2 Chitty on Contracts, 973. We see no error.

Affirmed.