HALL & PEARSALL v. A. J. COTTINGHAM and G. B.
PATTERSON.

(Decided April 11, 1899).

*Assignment—Schedule—Preferred Debts.*

1. A schedule of preferred debts, properly verified and filed within
   the five days limited by law, is good as to all preferences
   therein sufficiently described, and if any such preferences
   are valid, the schedule itself is sufficient to support the
   assignment. *Brown v. Nimocks* at this term.

2. Debts invalid for want of proper description are simply elimi-
   nated from the schedule and fall back into the class of
   unpreferred debts. While the requirements as to name of
   the creditor, amount, date and consideration of his debt are
   *mandatory*, they will be reasonably construed in carrying
   out the law. Preference as to taxes is valid, as it does not
   come within the intent of the law.

CIVIL ACTION to vacate an assignment and for injunction
and receiver, heard before *Robinson, J.,* at February Term,
1899, of the Superior Court of ROBESON County.

The deed of assignment was made by defendant Cotting-
ham to defendant Patterson, assignee, and contained prefer-
ences. The schedule was verified and filed in apt time, but
was alleged by the complaint to be defective on account of
the insufficient description of some of the debts secured, and
the point was made, if some of the debts preferred were insuf-
ficiently described, it vitiated the whole—so far as pref-
erence was concerned.

His Honor, upon the hearing, dissolved the restraining
order temporarily issued, and declined the application for
injunction and receiver. Plaintiff excepted and appealed.

*Messrs. McLean & McLean,* for plaintiff (appellant).
*Messrs. Patterson & McLean,* for defendants.

DOUGLAS, J.  This is an action brought to set aside a deed of assignment, executed on the 1st day of November, 1897, by the defendant Cottingham to his co-defendant Patterson as trustee, and for injunction and receiver.  The assignment provided for certain preferences which were set out in the schedule filed by the assignor in the office of the Clerk of the Superior Court on the 5th day of November, 1897, within the five days prescribed by the statute.  On January 18, 1899, a temporary injunction or restraining order was issued by his Honor Judge Robinson, but on the hearing at February Term of Robeson Superior Court judgment was rendered dissolving the temporary restraining order theretofore granted and refusing the motion for receiver and injunction.

There appears to be no dispute as to the facts, and the only question argued by counsel was as to the sufficiency of the schedule of preferred debts, and the effect thereon of the invalidity of certain preferences.  These questions have been fully considered in the case of *Brown v. Nimocks* at this term, and the principles therein laid down govern the case at bar. We are of the opinion that a schedule of preferred debts, properly verified and filed within the five days limited by law, is good as to all preferences therein sufficiently described, and that, if any of such preferences are valid, the schedule itself is sufficient to support the assignment..  Those debts invalid for want of proper description are simply eliminated from the schedule and fall back into the class of unpreferred debts.  They lose nothing of their previous character as debts, but acquire no preference whatever under the assignment.

It remains for us only to classify the preferences in the schedule before us.  Such a preference to be valid must set forth the name of the creditor, with the amount, date and consideration of his debt.  All of these requirements are *mandatory,* but they will be reasonably construed in carrying

out the true intent and spirit of the law. We think that the preference as to taxes is valid, as it does not come within the intent of the law. Any creditor can easily ascertain their amount and all particulars connected therewith by reference to a *public record,* and it would be difficult ever to bring public taxes under the head of feigned or collusive debts. We think that the second preference is also good, which is as follows: "J. A. Eddie, $206; note dated June 16, 1897, due and payable December 16, 1897, being amount due for material for dry kiln." We hold that in the absence of any statement to the contrary the date of the note is presumed to be the date of the transaction, not as an arbitrary rule of law, but because we think the ordinary business man would so regard it and we would feel that he had complied with the law by giving the date of the note when the entire transaction took place at the same time. The object of the statute is not to defeat preferences, but to regulate them by requiring the assignor to file in a public office, accessible to all, under the sanctity of his oath, a statement giving such a description of the preferred debt as will enable any creditor to conveniently ascertain its *bona fides.* Neither the schedule nor the deed itself adds anything to the inherent honesty or dishonesty of a debt, but affects only its order of payment. Neither is conclusive of its validity, which can be attacked by any interested party, and, if shown to be feigned or illegal, it would have neither preference nor existence. If properly set out in the schedule, it has only a *prima facie* right of preference, subject to attack; but if excluded from the schedule, either in fact or by implication of law, its preference is forever lost. There are several preferences which appear to us sufficiently described, but we have shown enough to sustain the schedule and therefore the assignment.

As the judgment of the Court below simply dissolved the

restraining order thoretofore granted, and taxed the plaintiffs with the costs of the action, the question of the validity or invalidity of each particular item of the schedule is not properly before us.

As the schedule is good, at least in part, it is sufficient to support the assignment, and his Honor properly refused to interfere in its execution. The judgment is affirmed.