CHARLES J. SEARLES, Respondent, v. JAMES J. LUM, Appellant.

**St. Louis Court of Appeals, March 12, 1901.***

1. **Gambling Debt:** MONEY LOANED TO PAY GAMBLING DEBT. In the absence of a restrictive statute, money loaned to pay either gambling debts, or those created by prohibited business transactions, may be recovered when the loan was not a mere device or makeshift to cover the lender's participation in the affair.

2. ——: ——: MONEY ADVANCED. And this is particularly true when the money is advanced after the affair is over and not for the purpose of enabling the former to engage in it.

3. ——: ——: ——: STATUTE OF MISSISSIPPI. In the case at bar, the statute of Mississippi, which was introduced in evidence, does not preclude the recovery of the money advanced by plaintiff at defendant's request, either by express words or for reason of public policy.

4. ——: ——: ——: COMMON LAW. And at common law, the debt was collectible.

Appeal from St. Louis City Circuit Court.—*Hon. Franklin Ferris,* Judge.

AFFIRMED.

*John H. Boogher* for appellant.

(1) A judgment obtained upon a gambling contract is void by the statute, and equity will give no relief, although

*This case was received too late to be placed in chronological order.

the defense might have been made at law; nor will it make
any difference that the note, on which the judgment is based,
passed for value into the hands of an ·innocent purchaser.
Lucas v. Wane, 12 Sneed. & M. 157; Martin v. Terrel, 12
Sneed. & M. 571; Smither v. Keyes, 30 Miss. 179; 8 Am. and
Eng. Ency. of Law, p. 1020; Cheatham v. Young, 5 Ala.
353.   (2)   A contract (and submission to arbitration is a
contract) executed in consideration of a previous illegal one,
or in compromise of differences growing out of it, is, like that
whereon it rests, illegal and incapable of being enforced.   Bis-
hop on Contracts (Enlarg. Ed.), sec. 488; Cote v. Blair, 6
Coldw. 639; Pierce v. Kibbee, 51 Vermont 559; King v.
Winarts, 71 N. C. 469; s. c. 73 N. C. 563.   (3)   Matters
of an illegal nature can not be submitted; and where the mat-
ters submitted are clearly illegal in their character or such as
can not properly be the subject of a submission, the award
itself is void and no proceedings can be taken on it.   2 Am.
and Eng. Ency. of Law, 557-558 (decided in 35th year
of Geo. III); Steers v. Lashley, 6 T. R. 61; Thorpe v. Cole,
4 Dowl. 457; 2 C. M. & R. 367 on error, 1 M. & W. 531.
(4)   An award on an illegal contract is void.   Hall v. Kim-
mer, 61 Mich. 269; s. c. 1 Am. St. Rep. 575.   It is unnec-
essary to cite Missouri cases.   A long line of decisions hold
that recovery can not be had on option contracts; that they are
gambling contracts; that the court will not enforce them, even
though a note be given for the differences, and the note pass
into the hands of innocent parties.   Schreiner, Hack & Co.
v. Orr, 55 Mo. App. 406.

*Thomas T. & C. H. Fauntleroy* for respondent.

(1)   In line of our argument, we wish to call the
court's attention to appellant's failure in his brief to specify

the errors he claims the lower court made in the exclusion of testimony offered by him at the trial. He simply makes the general statement or objection that "It was error for the court to have excluded testimony offered by the defendant to prove that the subject-matter of the submission to the arbitrators was illegal and void, was a series of gambling contracts, and incapable of enforcement either in Mississippi or Missouri." Appellant thus throws upon this court, and upon respondent's counsel, the labor and trouble of wading through the whole mass of the testimony in the bill of exceptions in the transcript of the record, and guessing of what particular rulings of the trial court, on what particular parts of the evidence, appellant complains. In this respect he has distinctly failed to comply with rule 18 of the St. Louis Court of Appeals. Appellant should have given a separate, distinct specification of each alleged error on part of trial court. This identical case came once before to this court for review, and its decision affirming the judgment therein of the St. Louis Circuit Court was rendered on November 28, 1899. 2 Mo. App. Rep., p. 885. (2) This court practically passed, then, upon the only question now raised by appellant on this appeal, viz., the alleged error of the trial court in its rulings upon testimony offered by, and sought to be introduced, or brought out by appellant in support of his third separate defense stated in his answer. In their opinion this court say: "The action is grounded on the written award of the arbitrators, brought about by an oral agreement of submission. * * * No statute of the State of Mississippi, touching the subject of arbitration and award, was put in evidence. In the absence of any statutory regulation on the subject, the territory composing the State having at one time been under the jurisdiction of England, it will be presumed that the common law of arbitration and award prevails in that State. Benne v. Schnecke, 100

Mo. 250; Burdict v. Railway, 123 Mo. 221; Houghtaling v. Ball, 19 Mo. 184; Roll v. Mining Company, 52 Mo. App. 60. At common law an agreement to submit a matter in controversy is a contract, and may be oral or in writing (Morse on Arbitration and Award, page 50; Carter v. Scraggs, 38 Mo. 302; Bonnell v. Lee, 58 Mo. App. 288; Hamblin v. Duke, 28 Mo. 166), and the award when made creates a new duty and a new obligation. The award is substituted for the original controversy, all matters of dispute within the scope of the submission being merged in the award. Morse on Arbitration and Award, p. 490.

GOODE, J.—Prior to 1893, the respondent was a cotton dealer in Vicksburg, Mississippi, and the appellant was one of his patrons. Respondent sold out his business to his brother and left Vicksburg. Before he left, the appellant, who had known him from boyhood and had been one of his schoolmates, said to him that he might want a line of credit with his brother, with whom he was not so well acquainted and requested the respondent to guarantee his account. Searles agreed to do this. The result was he was called on in the course of a few months to make good an indebtedness the appellant owed to the amount of $596. The respondent was in Chicago at that time, but visited Vicksburg shortly afterwards and asked Lum to reimburse him. Lum made difficulties about it and complained he had been misused. The two then agreed to submit the entire dispute to impartial arbitrators. Searles selected one, Lum another, and those two a third. The arbitrators heard the statements of the parties and returned an award in writing which found that Lum owed Searles $507.21. Thereupon, Lum said he hadn't the money to settle with at the time and requested thirty days indulgence, promising to remit to Searles at Chicago. The latter assented; the money

was never paid and this action was on the award to recover it.

This is the second appeal. The defense of the statute of limitations, the conclusiveness of the award as to all matters within the scope of submission and that the submission was sufficient for a common-law arbitration, were adjudicated adversely to the defendant and are now the law of the case. It was held that all matters of dispute between the parties which were submitted to the arbitrators were merged in their decision.

One point is raised which was not considered when the case was in this court before; namely, that the money paid by the plaintiff was to discharge debts incurred by the defendant in option deals which were unlawful by the statute of Mississippi. That statute is as follows:

"A contract for the purchase or sale of a commodity of any kind, to be delivered at a future day, the parties not intending that the commodity is to be actually delivered in kind and the price paid, shall not be enforced by any court; nor shall any contract of the kind commonly called 'futures' be enforced, nor shall a contract in this section mentioned be a valid consideration, in whole or in part, for any promises or undertaking."

The precise error complained of is that the trial court excluded evidence offered by the defendant tending to prove that the indebtedness grew out of transactions of that kind and that the plaintiff was aware of the fact when he advanced the money to pay it. It is claimed by the appellant that demands founded on illegal acts are not properly subject to arbitration and that an award on an unlawful contract is void. If this be allowed, it by no means follows that the court erred in its rulings. In the absence of a restrictive statute, money loaned to pay either gambling debts or those created by prohibited business transactions may be recovered when the loan was not a mere device or makeshift to cover the lender's participation in

the affair.  This is particularly true when the money is advanced after the affair is over and not for the purpose of enabling the borrower to engage in it.  Faikney v. Reynous, 4 Burr. 2069; Steers v. Lashley, 6 Term. R. 61; Ex parte Pyke, H. Ch. D. 754; Armstrong v. Bank, 133 U. S. 433; English v. Young, 10 B. Mon. (Ky.) 141; White v. Wilson, 37 S. W. 677; Wyman v. Fiske, 3 Allen 238, 80 Am. Dec. 66; Ballard v. Greene, 118 N. C. 390; Hoyt v. Cross, 108 N. Y. 76; Tyler v. Carlyle, 79 Me. 210; McGabock v. Puryear, 6 Coldw. (Tenn.) 34; Waugh v. Beck, 114 Pa. St. 422; Roberts v. Blair, 11 Colo. 64; Cannon v. Bryce, 3 B. & Ald. 179.  It may be different when the money is lent in the first place with a definite understanding that it is to be used in gaming or unlawful trades.  No statute of Mississippi was introduced which is material to the issues except the foregoing.  It clearly does not preclude the recovery of the money advanced by the plaintiff at defendants's request either by express words or for reasons of public policy.  At common law the debt is undoubtedly collectible, and in the absence of proof or a statute changing the rule, the case is governed by it.

This defense being out of the way, there was nothing to hinder plaintiff's recovery, because all other questions were *res judicata*.  The judgment is affirmed.  All concur; *Bland, P. J.,* in a separate opinion.

### CONCURRING OPINION.

BLAND, P. J.—I concur in what is said in the opinion of my brother, GOODE, J., and think the appellant is barred by the award of the arbitrators to plead the illegality of the transactions through which he became indebted to respondent.