FRIEDENWALD CO. v. SPARGER.

(Filed June 4, 1901.)

1. ASSIGNMENTS FOR BENEFIT OF CREDITORS—*Justices of the Peace—Seal.*

The seal of a justice of the peace is not essential to the validity of an assignment for the benefit of creditors.

2. ASSIGNMENTS FOR BENEFIT OF CREDITORS—*Fraud—Misstatements—Exaggerations.*

Wilful misstatements and exaggerations by an assignor as to the value of his property, in the absence of other evidence, does not vitiate a deed of assignment for the benefit of creditors.

3. ASSIGNMENTS FOR BENEFIT OF CREDITORS—*Schedule of Preferred Debts.*

The schedule of preferred debts in a deed of assignment must give the names of the creditors and the amounts, dates and nature of the debts.

4 ASSIGNMENTS FOR BENEFIT OF CREDITORS—*Registration—Evidence—Fraud.*

The fact that a deed of assignment was prepared and kept to be registered in the event of proceedings against the assignor is not evidence of fraud.

5. ASSIGNMENTS FOR BENEFIT OF CREDITORS—*Presumptions—Preferences—Relatives—Fraud.*

Debts preferred in an assignment for the benefit of near relatives raises no presumption of fraud, nothing else appearing to show fraud.

ACTION by The Friedenwald Company against Sparger Bros. and others, heard by Judge *E. W. Timberlake,* at November Term, 1900, of the Superior Court of SURRY County. From a judgment for the defendants, the plaintiff appealed.

*Jones & Patterson,* for the plaintiff.

*Glenn & Manly,* and *Watson, Buxton & Watson,* and *Burwell, Walker & Cansler,* for the defendants.

MONTGOMERY, J.    James H. and B. F. Sparger, in November, 1897, being partners in trade and finding themselves unable to pay their debts in full, made a voluntary assignment of all their property, real and personal, to T. B. McCargo and R. L. Haymore, for the benefit of their creditors, with preferences.    In the body of the deed it was recited that the grantors, as partners, under the firm name of Sparger Bros. and James H. Sparger in his individual capacity, in consideration of the premises, etc., conveyed the partnership property and also the individual property, real and personal, of James H. Sparger—the partnership property and the individual property of James H. Sparger being particularly described. The deed was signed:

> "JAMES H. SPARGER.  (Seal.)
> "B. F. SPARGER.     (Seal.)
> "SPARGER BROS.     (Seal.)"

The following is the form of the probate: "Surry County. Personally appeared before me this day James H. Sparger and B. F. Sparger, who compose the firm of Sparger Bros., the makers and signers of the foregoing deed of assignment, and acknowledge the due execution thereof.   Witness my hand and private seal.   This 6th day of November, 1897.

> "SAMUEL G. PACE,
> *"Justice of the Peace."*

The action was brought by the plaintiffs, who are judgment creditors, to have the deed declared void for fraud, and set aside. On the trial, exception was made to the manner of the signing of the deed by the grantors, and to the probate of the deed on the ground that the Justice of the Peace did not affix his private seal at the end of his signature.

The plaintiffs also alleged that certain of the preferred debts were not described with such particularity as to amount and consideration, as is required by the Act of 1893, chapter 453.

The first two matters complained of on the trial by the plaintiffs were not alluded to by their counsel in his brief in this Court, and on the oral argument, while not abandoned, were not insisted on.

We see no fault in the ruling of his Honor on either matter. The deed was signed by both individuals composing the firm; the indebtedness was recited, and also the intent to convey both the property of the firm and that of James H. Sparger. It is usual for Justices of the Peace who act in probate matters to attach their private seals to their names at the end of the probate, but that act is not essential to the validity of the probate; and there being no dispute as to the fact that the person who took the probate was a Justice of the Peace at the time, we think that the statute is substantially complied with.

As to the alleged failure on the part of the defendants to properly describe the preferred debts, that matter was passed upon in *Brown v. Nimocks,* 124 N. C., 417, and we do not feel disposed to overrule that decision.

On the question of fraud we have scrutinized the evidence closely, and we think that his Honor was correct in ruling that there was none sufficient to be submitted to the jury. There were letters and statements of the defendants tending to show an exaggeration of the value of their property or a

wilful misstatement about that matter. But there is no evidence that in the execution of the assignment there was any fraud on account of these misrepresentations; nor can we see anything in the subsequent conduct of the defendants going to throw any suspicion on the motive of the parties in making the assignment. There was no evidence that the defendants bought or sold in any unusual manner, especially on credit, before the assignment, or that their business was conducted out of the usual way. Their preferences were permissible under the law at that time, and the fact that the deed of assignment was prepared and kept to be registered in case of proceedings against them by creditors is no evidence of fraud. *Guggenhimer v. Brookfield,* 90 N. C., 232.

An honest preference was allowable at that time. There were some small debts, probably amounting to one-fortieth of the value of the assets, preferred for the benefit of near relatives of the defendants. We are of the opinion that such a preference in the general assignment for creditors raises no presumption sufficient to compel the plaintiffs to show the consideration of the debts, nothing else appearing to show fraud. In *Hawkins v. Alston,* 39 N. C., 137, the debtor conveyed to his brother the whole of his property. In *Jordan v. Newsome,* 126 N. C., 553, the debtor preferred his mother-in-law, who lived in the same house with him and to an amount of more than one-half of the debtor's property.

We see no error in the ruling of his Honor dismissing the action on the motion for nonsuit, made by the defendants.

No error.