It was agreed by all the parties that the court should find the facts and thereupon adjudge the law upon their rights. The defendant Kennie Rose executed three different deeds of trust to secure certain indebtedness in each deed mentioned, upon the same (560) property, to wit, his stock of goods, wares and merchandise in his storehouse in Winston, N.C. and other personal property. The first deed was executed to W. N. Reynolds, to secure a debt of $500 due to R. J. Reynolds, and was registered on 11 November, 1893. The second deed was executed to Henry C. Kinsey to secure a debt of $750, due to R. M. Sutton Co., for goods already sold and delivered to him, and also to secure the payment of other goods that Sutton Co. might sell to the grantor, and was registered on 27 August, 1901. And the third deed was made to J. C. Bessent, and was registered on 26 August, 1901. The last deed of trust was in the nature of an assignment for the benefit of creditors generally, and contained a reservation of the debtor's personal property exemption. *Page 435 
His Honor further found as facts that $130 had been paid by the debtor on the Reynolds note; that the deed to Bessent was not executed for the purpose of hindering, delaying, and defrauding the plaintiffs R. M. Sutton Co., or any other person; that the Reynolds debt mentioned in the deed to Bessent was the mortgage debt referred to in the answer of R. J. and W. N. Reynolds; that the debtor, Rose, in reference to the Bessent deed "has not complied with the terms and provisions of the General Assembly, Laws 1893, ch. 453, in that he failed to file any sworn schedule of the alleged preferred debts"; in that last-mentioned deed the following provisions are made: "3. Pay to R. J. Reynolds of Winston, N.C. the amount due on a note for $370, secured by mortgage on the above stock of merchandise. 4. Pay to J. S. Grogan, attorney, of Winston, N.C. $25 for professional services due by acceptance. 5. The balance to be paid and distributed pro rata amongst each and every one of my creditors according to their respective claims"; that the entire indebtedness of Rose at the time of his assignment to Bessent was $2,300, in which is included the debts due to Sutton Co. and the Reynolds debt. Bessent, claiming as trustee, took possession of (561) the property and has sold it, as we understand from the findings of fact, and has in hand as the proceeds of the sale about $1,200 to be applied as the court might direct.
His Honor also found as a fact that the debt of $25 due to Grogan "was not a preexisting debt, and was created for the purpose of paying him, the said Grogan, for professional services to be rendered the said Bessent, trustee, in executing the trust."
Upon the facts his Honor concluded as matter of law, first, that out of the funds in the hands of Bessent, Reynolds was entitled to be paid the amount of his debt, principal and interest, and that he was entitled to this payment "by virtue of his mortgage, which was executed and recorded long and prior to the other transactions herein referred to"; second, in the deed of trust made by Rose to Bessent, trustee, Rose reserved his personal property exemption; this exemption not having passed to the trustee, remained in Rose, and was still covered by the mortgage or deed in trust to Kinsey, trustee, for R. M. Sutton Co.; so, then, after paying the Reynolds debt, Sutton Co. are entitled to received $500 of the fund; third, the deed in trust from Rose to Bessent is not void except as to the alleged preferred creditor, Grogan. If A makes a deed of trust to B, prefers certain creditors, M and N, having at the same time other creditors, X, Y and Z, and the grantor A fails to file his sworn statement or schedule provided for by the act of 1893, the deed will be void so far as N and M are concerned, but it will be good as to X, Y and Z; that is to say, the purpose of the act of 1893 was not to prevent the execution of deeds in trust, but to throw such safeguards around *Page 436 
them that if any creditor was preferred, then the other creditors might have some data by which to verify or test the integrity of the (562) preferences; fourth, so, then, Bessent, the assignee, who now has the fund, will pay (1) the Reynolds debt, (2) the sum of $500 on the debt of Sutton Co., (3) he will, after paying costs and expenses and attorney's fees, pay the balance pro rata among Rose's creditors, allowing Sutton Co. to participate pro rata for that part of their debt in excess of $500. Judgment accordingly. Filed 19 September, 1903, at 10:25 o'clock a. m. The plaintiff excepted to his Honor's rulings of law, and assigned errors as follows: "First, for that his Honor erred in that he held the deed of trust from Rose to Bessent is not void except as to the alleged preferred creditor, Grogan. Second, for that his Honor, upon the facts found, failed to hold that the deed of trust to Bessent, trustee, was null and void as to the plaintiffs Sutton Co. Third, for that his Honor erred in failing to hold that after the payment of the Reynolds debt the plaintiffs were entitled to the whole fund in the hands of Bessent, trustee."
As between the plaintiffs and the creditor Reynolds, upon the findings of his Honor, there could be no doubt that Reynolds is entitled to his money. The debt was not disputed, and it was secured by a lien upon the same property registered long before the debt of Sutton Co. had any existence. Reynolds in his answer claimed the property or the proceeds of the sale of the property to the amount of his debt, and even if the deed of trust to Bessent was void, for any reason, yet Bessent had taken the property as trustee and sold it, and had the proceeds of the sale in hand under the control and direction of the court, and he was bound to return it to its owner, Reynolds. If, however, the debts mentioned in the deed of trust to Bessent are really preferred debts in the sense of the law, then the deed of trust would be void for the reason that Rose, the assignor, failed to file his schedule of those debts as is required by the act of 1893, and the balance in the hands of Bessent, after paying the Reynolds debt, would belong to the plaintiffs, Sutton Co., (563) under the deed of trust made by Rose to Kinsey for their benefit.
But we think that the Reynolds and Grogan debts were not preferred debts in the proper sense of the term. The Reynolds debt had a real preference through the deed of trust made by Rose in 1893, because of the fact that it was secured upon the same property embraced in the deed to Bessent and was referred to in the last-mentioned deed as being secured on the same property. If it had not been secured on the same property, then it would have stood on an equal footing with other unsecured creditors of Rose, and it would have been necessary to have scheduled it under the statute. His Honor's finding of fact in reference to the Grogan debt carried with it a conclusion of the law *Page 437 
that it was void for want of consideration and was invalid. The Bessent deed was in operation as to that claim, but, the others being valid, the deed is sustained as to them. Morris v. Pearson, 79 N.C. 253; 28 Am.Rep., 315. Because of the illustration given by his Honor in reference to the debt of Grogan, it is necessary to say that Bank v. Gilmer,116 N.C. 684, and Friedenwald v. Sparger, 128 N.C. 446, have not been overruled by this Court. The illustration given by his Honor was not in consonance with the law.
The judgment is
Affirmed.