J. B. LITTLEJOHN and wife v. C. J. EGERTON and others.

*Homestead--Adverse Possession under Sheriff's Deed--Practice in Supreme Court.*

1. A *condition* is a quality annexed to land whereby an estate may be defeated. A *homestead right* is a quality annexed to land whereby an estate is exempted from sale under execution for debt, and cannot be defeated by failure of a Sheriff to have the homestead laid off by metes and bounds.

2. In such case where there is an actual adverse possession under a Sheriff's deed, this Court in order to give full effect to the constitutional provision, will remand the case to the end that the Superior Court may have the homestead laid off.

(The Homestead Act discussed and explained by THE CHIEF JUSTICE.)

(*Grier* v. *Rhyne,* 69 N. C. 346 ; *Ex Parte, Branch,* 72 N. C. 106, cited, distinguished and approved.)

MOTION in the Cause by plaintiffs to have homestead ascertained and for possession, heard at June Term, 1877, of THE SUPREME COURT.

The facts are stated in same case, 76 N. C. 468.

*Messrs. Busbee & Busbee* and *A. M. Lewis,* for plaintiffs.
*Mr. J. B. Batchelor,* for defendants.

PEARSON, C. J. At the last term we decided that the

plaintiffs are entitled to a homestead; but it was held that judgment could not be rendered or a writ of possession issue, for the reason, that the homestead had not been assigned according to law; the assignment which the Sheriff attempted to make before he sold under execution being void for uncertainty, in this, that it does not describe the homestead by metes and bounds, or give any description by which it can be identified. See *Grier* v. *Rhyne*, 69 N. C. 346.

The case was retained for further directions under the expectation that the plaintiffs would take the necessary steps in order to have a homestead assigned by metes and bounds. The plaintiffs now move for an order of this Court to the Sheriff, commanding him to summon three appraisers and lay off a homestead according to law.

The complaint demands judgment that the plaintiffs be put into possession of so much of the homestead as can be identified; to-wit: " the dwelling-house and curtilage, and the land on each side of the road," and that the assignment may be perfected as to the balance, by having the 200 acres ascertained by metes and bounds.

The assignment of a homestead if void in part is void *in toto*. The party is not at liberty to have possession of a part and ask to have the balance " patched up." So the plaintiffs now cut loose from the former assignment and ask to have a homestead assigned *de novo*. Can this Court make the order ?

The Homestead Act, Bat. Rev. ch. 55, provides two modes of laying off the homestead; one, by the officer who levies an execution or other final process obtained on any debt, and the officer is required to summon three appraisers who are to lay off the homestead by metes and bounds; the other, upon the application of any resident of the State to a Justice of the Peace, who shall appoint three assessors whose duty it shall be to lay off a homestead by metes and bounds.

We see no ground on which this Court can lay off a home-

stead by an order to the Sheriff of the County, commanding him to have the homestead laid off by appraisers. It is suggested that the pendency of an action in which it becomes necessary that a homestead should be assigned, gives this Court power to have it done, as incident to its jurisdiction. We do not think so. The pendency of the action and the necessity for having a homestead assigned, gives the Court power to stay proceedings until the assignment can be made, but it does not give this Court power to have it done ; for it is a Court of appellate jurisdiction, and to have a homestead assigned would be to assume original jurisdiction. The Homestead Act makes no provision for a case like the present, and yet there must be some remedy, for the plaintiff's right to a homestead was not extinguished by the fact that the land was sold under execution. When there is a right there is a remedy. The Sheriff cannot give the remedy, for having sold under the execution and made a deed; he is *functus officio*, and has nothing more to do in the matter.

Can the Justice of the Peace give the remedy ? The Homestead Act, § 7, assumes that the debtor, who applies to a Justice of the Peace to have his homestead laid off, is in possession, so that section does not fit our case

By § 11, the Justice of the Peace is required to give notice to the *creditors*. Here, the creditors have no longer any interest in the question. The purchaser at Sheriff's sale (and those claiming under him) is the only other party concerned save the party who is making claim to a homestead. So that section does not fit our case.

*Ex parte Branch*, 72 N. C. 106, was referred to as being in conflict with this view, and as tending to show that a Justice of the Peace has power to give the remedy. There, the debtor conveyed his land to a trustee to secure certain creditors, with an express exception of " so much of the land as may be laid off and assigned as a homestead under the Act of Assembly." After his death the widow filed a petition

before a Justice of the Peace to have a homestead laid off. The Justice of the Peace gave notice to the creditors who made themselves parties. The Justice of the Peace decided in favor of the petitioner, the creditors appealed, and the Superior Court affirmed the judgment of the Justice and ordered a writ of *procedendo*, and upon appeal to this Court the judgment was affirmed. No objection was made on the ground of adverse possession, and it is assumed that the maker of the deed of trust remained in possession up to his death, and it was considered that the homestead did not pass by the deed, because of the exception. In our case there is an actual adverse possession by the defendants claiming under the Sheriff's deed, and that deed conveys the entire legal estate in the land without any exception of the homestead. We conclude that these facts distinguish the cases, and that in our case the Justice of the Peace has no jurisdiction. The land is beyond his reach.

It remains to be seen whether the Superior Court has power to give the remedy, and cause a homestead to be laid off, notwithstanding the Sheriff's sale and deed, and the adverse possession of the defendants under that title. If the Sheriff's deed had excepted so much of the land as may be laid off as a homestead, *Branch's case* would have been applicable. But the deed conveys the entire tract and makes no exception. So the plaintiffs are forced to rely for their protection upon the provisions of the Constitution which secures to them a homestead. Suppose a Sheriff wilfully refuses to have a homestead assigned, and sells and conveys the entire tract; or suppose the appraisers through ignorance or mistake omit some matter essential to the validity of the assignment of a homestead, and the Sheriff sells and makes a deed; can it be that the defendant in the execution will thereby lose his homestead?—and can the purchaser at Sheriff's sale, with a good conscience, take advantage of the wrongful conduct of the Sheriff, or the ignorance or mistake

of the appraisers, and thereby defeat the homestead? It is no answer to say, the Sheriff is liable to indictment and to a civil action for damages. That does not "enforce the right" which is for the man to enjoy his homestead. And in the latter instance he would not have even the poor consolation of an indictment and civil action against the appraisers, for we suppose that as in our case they acted from ignorance or mistake. In these cases, equity will interfere and say to the purchaser;—you are not allowed to take this iniquitous advantage, but will be treated as holding the title subject to the homestead right. If it be said, however it might have been against the purchaser at Sheriff's sale, the Court cannot take sides against the defendants, for they are purchasers for full value without notice, and equally entitled to the protection of the Court, the reply is;—In the first place, it is not true that they purchased without notice; they had notice of the plaintiffs' homestead right, and they have notice that the waiver on his part was by parol and not by *deed* "with the voluntary signature and assent of the wife signified on her private examination according to law." It was therefore folly to buy and take the chances, and they have no right to complain when the game goes against them;—In the second place, this is not an ordinary trust or equity which is annexed to the person and not to the land; on the contrary it is a right annexed to the land and follows it like a condition into whosesoever hands it goes without regard to notice. When the equity is personal, and not annexed to the land, one who acquires the legal title by purchase for valuable consideration without notice can put himself on the doctrine, "when the equities are equal the law prevails," and his legal title will not be disturbed; otherwise when the right is annexed to the land by an express condition or by the act of law.

An instance of the former kind is that of a right to redeem land held under mortgage. A condition was annexed to the

estate at its creation whereby it was to be void on payment of the money. This condition follows the land after the time of payment has expired, and it may be redeemed in the hands of one who acquired the legal title for valuable consideration without notice. This is familiar learning, and I will not take the trouble to cite the authorities.

An instance of the latter kind is the one we now have under consideration. True, no authorities can be cited, and our conclusion must depend upon " the reason of the thing ;" but that is so convincing and the analogy to a right of redemption is so clear, that authority is not necessary to support it. It will stand alone, because it is a principle necessary to give full effect to a provision of the Constitution. A *condition* is a quality annexed to land whereby an estate may be defeated. A *homestead right* is a quality annexed to land whereby an estate is exempted from sale under execution for debt.

The cause will be remanded to the Superior Court with certified copies of the two opinions that are filed, to the end that the Superior Court may appoint three commissioners to lay off the homestead of the plaintiffs, with instructions to give notice at the time to the defendants, and in all particulars to observe as near as may be the requirements of the Constitution and of the Homestead Act. Each party will pay his own costs in this Court.

PER CURIAM.                          Judgment accordingly.