W. H. SMITH, v. R. M. NIMOCKS.

*Pleadings—Evidence.*

1. Statements and admissions in the pleadings may be used as evidence against the party pleading them, but they must be introduced as evidence at the proper time, so as to give the party against whom they are used an opportunity to reply to and explain them.

2. The whole record is not in evidence. So much of the pleadings ought to be read to the jury, as may be necessary to explain and present the issues.

3. So where an amended answer had been filed, upon which alone the issues were raised, it was error to allow the plaintiff's counsel to read and comment to the jury on the original answer, which had not been introduced in evidence.

(*Adams* v. *Utley*, 87 N. C., 356; *Guy* v. *Manuel*, 89 N. C., 83; *Brooks* v. *Brooks*, 90 N. C., 142; *State* v. *Whit*, 5, Jones 224, cited and approved).

CIVIL ACTION, tried before *MacRae, Judge,* and a jury, at Spring Term, 1885, of the Superior Court of JOHNSTON county.

This action is brought to recover damages for an alleged *malicious prosecution.* It appears from the case settled upon appeal, that on the trial, "In the course of his argument to the jury, the plaintiff's counsel was allowed to read the first and unverified *answer,*" of the defendant, the latter objecting. The Court overruled the objection and the defendant excepted.

The material part of the answer referred to is as follows: "For a second defence and counterclaim

"I. That the plaintiff was, at the time of the institution of this action, and is now, indebted to him in the sum of fifteen hundred dollars, and that said indebtedness arose out of the transactions set out in the complaint, and is connected with the subject of this action.

"II. That before the institution of this action, the plaintiff, wrongfully and unlawfully, detained certain personal property belonging to the defendant, to-wit: All the crop of cotton made by W. H. Smith in Johnston county in the year 1882, and wrongfully and unlawfully converted the same to his own use, and sold the same, and converted the proceeds thereof to his own use, and thereby became indebted to the defendant in the sum of fifteen hundred dollars, the value of said property so converted by the plaintiff, and that said indebtedness was subsisting at the time of the institution of this action, and arose out of the transaction set out in the complaint, and is connected with the subject of this action."

The following, among other issues, was submitted to the jury :

1st. Did the defendant procure the arrest of the plaintiff without probable cause, as alleged in the complaint?

There was a verdict and judgment for the plaintiff, and the defendant appealed.

*Mr. C. M. Busbee*, for the plaintiff.
*Mr. Duncan Rose*, for the defendant.

MERRIMON, J. (after stating the facts).   Statements and admissions in the pleadings in an action, may be evidence against the party making them, just as if he had made them in any other connection or manner, and if the same should be competent for any purpose, on the trial of the issues of fact, they may be received as evidence.   There is nothing in the nature of a pleading, that necessarily places admissions in it of a party, on a footing different from what they would be, if made elsewhere. The pleadings ordinarily create and afford no immunity as to

facts stated in them, when it becomes necessary to use such facts as evidence.    Indeed, pleadings themselves may be evidence in proper cases.    *Adams* v. *Utley*, 87 N. C., 356 ; *Guy* v. *Manuel*, 89 N. C., 83 ; *Brooks.* v. *Brooks*, 90 N. C., 142.

But such evidence must be introduced on the trial, at the proper time and in the proper way.    This is necessary in order to afford the party to be affected adversely by it, just opportunity to explain, modify or correct it.    He might be able to show that the admissions or statements were made by inadvertence, mistake or misapprehension, and the law allows him reasonable and orderly opportunity to do so.    It never tolerates undue advantage.    *State* v. *Whit*, 5 Jones, 224.

It is a mistaken notion that the whole record, including the pleadings, in an action, is necessarily in evidence, and may be read to the jury as of course on the trial of issues of fact.    The Court has charge and cognizance of, and it is its province to act upon the record, and apply the admissions of the parties, and such other evidence as may appear in it, according to law.    The only office of the jury, ordinarily, is to act upon the issues of fact submitted to them by the Court.    So much of the pleadings ought to be read to them, in that connection, under the direction of the Court, as may be necessary to present and point clearly, the nature and scope of the issue, but not for the purpose of evidence.    If either party desires to have the benefit of the pleadings, or admissions of fact in them, he may, if the same be competent, introduce them, as indicated above, and only in that manner.

No doubt the Court might, in the exercise of a sound discretion, allow the pleadings or admissions in them as evidence, when competent, to be introduced after, in the order of the trial, the introduction of evidence regularly had been closed, but it would do so in such way as to give the party to be affected by it adversely, opportunity to be heard in respect to it.    Any other course of practice would certainly contravene equal fairness and justice to the parties.

In this case, there were two answers, one verified, the other not, and the Court allowed the counsel of the plaintiff, after the introduction of evidence had been closed, in the course of his argument to the jury, to read the latter to them, the counsel for the defendant objecting. Exactly for what purpose it was read, does not appear. But it could not have been for the purpose of explaining the nature of the issues or any of them, because, the answer read was a simple, broad denial of each of the allegations of the complaint, and it contained an alleged counter-claim. This answer was abandoned, and a second verified answer, in which the counter-claim was entirely omitted, supplied its place. So that no issue was raised in respect to the counter-claim, and none such was submitted. The obvious purpose was to take advantage of some express or implied admission or statement in the counter-claim alleged and abandoned, as evidence. It may be, it was read to show, by implication from it, that the defendant had the plaintiff arrested by virtue of the State's warrant, or as an implied admission of the substance of the allegations of the complaint.

It was intended to serve the purpose of evidence in some aspect of the case presented to the jury by the counsel, and as we can see that it may have had material weight with the jury, adverse to the defendant, he is entitled to a new trial. The answer was not put in evidence, if it was competent at all, and the counsel had no right to refer to it, much less to read it in the course of his argument.

There are many other exceptions, some of them resting upon very technical grounds. We think that the most, if not all of them, are untenable, and it is not necessary to advert further to them.

There is error. The defendant is entitled to a new trial, and to that end, let this opinion be certified to the Superior Court. It is so ordered.

Error.                                        Reversed.