D. H. STEPHENSON et al. v. THOMAS FELTON et al.

*Assignment—Fraud—Onus Probandi—Pleadings—Reference— Possession—Husband and Wife—Creditors.*

1. In an action to set aside an assignment for fraud, in that it conveyed certain lands and other property to the wife of the assignor without a valuable consideration, it was *held* that the burden was upon him to show such consideration.

2. Allegations in a complaint, not denied in the answer, are sufficient basis for the referee's findings of fact; but allegations not so admitted and not sustained by proof, are not evidence, unless put in evidence.

3. The husband being in possession, there is a presumption of ownership in his own right until rebutted.

4. Where the Court would be justified in not submitting to the jury the facts offered upon a given issue, a referee is justified in refusing to consider such facts in his findings.

5. Where it has been made to appear affirmatively that the husband had for years cultivated his wife's farm, and after discharging all the expenses of the family invested the net proceeds in the business of his firm, there being no express contract to repay, the wife's debt was not such as could have been preferred, by assignment of such property, to the debts of *bona fide* creditors.

CIVIL ACTION, tried on exception to a referee's report, before *Armfield, J.,* at February Term, 1889, of WILSON Superior Court.

A warrant of attachment was sued out upon affidavit of plaintiffs, charging fraud on defendants, in that they had promised to pay the amount of their bill for goods bought of plaintiffs, and that they subsequently conveyed all their property, amounting to a considerable sum, for the purpose of defeating the plaintiffs' claim.

The allegations in the complaint, and denials in the answer, and the evidence adduced before the referee in their support, form the basis upon which the following facts are found and conclusions of law declared (the reference being under *The Code*):

1. That the plaintiffs D. H. Stephenson and H. Slingluff are partners, doing business in the city of Baltimore under name of Stephenson & Slingluff.

2. That on the 23d day of August, 1882, the defendants Thomas Felton and Joshua L. Scarborough, comprising the firm of Felton & Scarborough, promised to pay the plaintiffs, within four months, for goods sold by the plaintiffs to the defendants, the sum of $518.15.

3. That no part of said amount has been paid.

4. That on the 21st day of December, 1882, the said defendants Felton & Scarborough, by a deed of assignment,

conveyed to the defendant John E. Woodard the entire assets of the firm of Felton & Scarborough, consisting of a stock of goods worth about $2,500, and notes and accounts worth $3,000; that said assignment was executed for the purpose of paying debts, and the plaintiffs were in the second class secured in said deed.

5. That in the deed of assignment the defendants Thomas Felton and Joshua Scarborough each reserved out of the property conveyed the sum of $500 as his personal property exemption.

6. That on said 21st day of December, 1882, the defendant Thomas Felton conveyed to the defendant John E. Woodard certain real and personal property, consisting of the tract of land in dispute, five head of mules, one black horse, ten head of cattle, farming implements, one open and one top buggy, twenty-three hogs, two two-horse wagons, six carts, one Watertown steam-engine—all of said property to be held in trust by the said John E. Woodard for the benefit of Victoria Felton, the wife of the defendant Thomas Felton.

7. That at the time of the execution of said deed, on the 21st of December, 1882 (recited in finding of fact No. 6), the said Thomas Felton retained no property for himself.

8. That the recited consideration of $3,000 has not been paid by any one to said Felton, or to any one for him.

9. That at the time of the execution of the deed, the land therein described was worth $1,250, and the personal property $1,500.

10. That at the time of the execution of the deed, the trustee, John E. Woodard, was the legal adviser and the general counsel of the defendant Thomas Felton.

"Upon the foregoing facts, the following are my conclusions of law:

"1. That, upon the pleadings, the burden was on the defendant to show that the deed referred to in finding of fact No. 6 was executed for a valuable consideration.

" 2. That there was no evidence to support ·the allegation in the answer that the defendant Thomas Felton was indebted to his wife, and that the said deed was executed in consideration of that indebtedness.

" 3. That said deed is voluntary and fraudulent as to the plaintiffs.

" 4. That from the relations of the parties—that of husband and wife, and the circumstances attending the transaction—there arises a presumption of fraud, and that no evidence has been offered to rebut the presumption.

" 5. That the plaintiffs are entitled to recover of the defendants Thomas Felton and Joshua Scarborough the sum of five hundred and eighteen dollars and fifteen cents, and interest thereon at six per cent. from 23rd day of December, 1882.

" 6. That the plaintiffs are entitled to a decree declaring said deed fraudulent and void as to them, and subjecting the property therein to the payment of their debt, subject to the homestead and personal property exemption of the defendant Thomas Felton.

By W. R. ALLEN, *Referee.*"

The referee further states that, in support of his ruling, the following cases are relied upon: *Hawkins* v. *Alston*, 4 Ired. Eq., 147; *Black* v. *Caldwell*, 4 Jones, 154; *Satterwhite* v. *Hicks*, Busb., 108; *Barnawell* v. *Threadgill*, 3 Jones Eq., 65; *Reiger* v. *Davis*, 67 N. C., 185; *Lassiter* v. *Davis*, 64 N. C., 498; *Atkins* v. *Withers*, 94 N. C., 581.

The defendant excepts to the report for that—

1. The referee should have found as a fact from the testimony, that the defendant Thomas Felton was, at the time of his marriage, a poor man, and had no income except that derived from his wife's property.

2. That the property mentioned in section six of the report was paid for with Mrs. Victoria Felton's money.

3. That the consideration mentioned in section eight of the report had been received by Thomas Felton, as explained in his answer.

4. That the land conveyed by defendant Thomas Felton was worth $1,000, and the personal property ____.

The defendants further except to the conclusions of law, for that—

5. The referee based his report upon the pleadings and not upon the evidence, and that, looking to the pleadings alone, he should have held that the deed from Thomas Felton conveying property in trust for his wife, Victoria Felton, was supported by a valuable consideration.

6. The referee, in conclusion No. 2, erred in holding that there was no evidence of Felton's indebtedness to his wife, when he states that he relies solely upon the pleadings.

7. That conclusion No. 3 is erroneous, for reasons above stated.

8. The referee erred in holding that the presumption of fraud arose from the relation of the parties and the circumstances attending the transaction, as explained in their answer.

9. The referee ought to have held, as a matter of law, that Thomas Felton received and used the money of his wife, and rents and profits of her land without her assent; that he was accountable to her for the same as upon an implied promise to repay; that this created a valid indebtedness and that a conveyance of property to satisfy said indebtedness was not void for fraud as against the creditors of her husband, the defendant Thomas Felton.

Upon the hearing in the Court below, the Judge overruled the defendant's exceptions and confirmed the report of the referee. Judgment was rendered accordingly, and the defendants appealed.

*Mr. F. A. Woodard* (by brief), for plaintiffs.
*Mr. E. R. Stamps*, for defendants.

AVERY, J.—after stating the facts: The referee, in a note, appended to the conclusions of law, says: "My report is based upon the pleadings, and the evidence is not considered. It is for this reason that I have not passed on the objections to evidence and the demurrer." The ruling of the Court sustaining him rests upon the principle that when some of the allegations in a complaint are not denied, or are expressly admitted in the answer, the facts conceded in either way to be true will support a judgment just as though they had been found by a jury. It is not controverted that the husband, being at the time insolvent, conveyed to John E. Woodard, for the benefit of his wife, real and personal proper, worth twenty-seven hundred and fifty dollars, by deed, in which there was a recited consideration of the three thousand dollars, but that, in truth, no consideration passed at that time. This appears from paragraphs five and seven of the complaint, and the answers to them.

The defendants refused, when opportunity was offered to introduce any testimony. They failed even to put in evidence the pleadings. So that the pleadings can be considered only in so far as they establish facts by failure to deny allegations. *The Code*, § 268; *Smith* v. *Nimocks*, 94 N. C., 243.

The defendants rely in their answer upon the defence that the husband, Thomas Felton, received at the time of his marriage (the date of marriage not being given) a large sum of money belonging to his wife, and after marriage received without her assent in the rents of a farm that was her separate property, a large sum, from both sources about two thousand dollars, all of which he invested in paying for the stock, implements, &c., conveyed to John E. Woodard, in the deed that is declared by the referee fraudulent.

2. That in addition to paying for family expenses he accumulated from the rents of her said farm, taken without her assent, about four thousand dollars, which he used in the

business of Felton & Scarborough before the firm made an assignment.

The answer admits that the husband was in possession of the property conveyed before the deed was executed, and the law therefore raised the presumption that it belonged to him in his own right, and cast upon her the *onus* of showing that it was paid for with funds that were her separate property. *Brown* v. *Mitchell,* 102 N. C., 371.

While the admissions, made in the joint answer of the defendants in response to the charges or allegations of the plaintiffs, are facts found, the averments of the defendants by way of evidence, and their denials, can be accepted as true only when supported by evidence and the verdict of a jury, or Court of referee empowered to find the facts. But it is insisted that the referee erred, because he did not consider so much of the testimony offered for plaintiffs, or elicited on cross-examination of plaintiffs' witnesses, as tended to rebut the presumption that the husband held the personal property in his own right and bought the land with his own funds. We have carefully reviewed and considered the evidence, and, admitting the whole of it to be true, there is nothing that a Court would have been compelled to submit to a jury if the issue had been tried in the usual way, as tending to rebut the presumption of ownership by the husband of the land and other property conveyed by him to his wife, while the very fact that he did convey the personalty, which he alleges was hers all the while, is a circumstance pregnant with suspicion. The material facts stated by the witness are that the husband of his wife's sister received from her guardian about nine hundred dollars as her share of her father's estate ; that the male defendant Felton was very poor when he was married, but was industrious and a good practical farmer and man of business, and that he improved his wife's farm very much, adding greatly

to her income from it. The mere fact that he was very poor before his marriage could not be properly submitted to the jury to overcome the presumption, and we find no other testimony tending to rebut it. Such specimens ás the statement of a witness on cross-examination that he did not know of any way that Felton could have made money without the use of his wife's property, would show no error in the referee's ruling, if considered by him. If it did not appear affirmatively that for years he cultivated his wife's farm, and, after discharging all of the expenses of his family, invested the net profits in the business of Felton & Scarborough (and that averment is not supported by the evidence offered), still she would have failed to establish her right to claim the amount so applied as a debt due from the husband to her as against creditors, and which he could pay by an assignment of property.

In the case of *Battle* v. *Mayo*, 102 N. C., 438, the referee's finding that there was an express agreement on the part of the husband to pay rents to the wife was adopted by the Court, and the contract between them was enforced. The Court say: "It is settled that none of the other sections of chapter 47 of *The Code* are to be construed as limiting the wife's power to acquire property by *contracting* with her husband, or any other person." In our case, there is no testimony tending to prove an express contract, nor are circumstances shown from which the law would imply that there was a contract between the *feme* defendant and her husband in reference to the rents of her farm.

We concur with the referee in his conclusions of law, for, whether they were predicated upon the admissions in the pleadings, or upon the whole of the testimony, or upon both, "there was no evidence to support the allegation in the answer that Thomas Felton was indebted to his wife," and, therefore, the presumption that he was the owner of the

property conveyed, and that the deed was voluntary and fraudulent as to his creditors, was not rebutted. His Honor properly overruled all of the exceptions, as we think, for the reasons we have already given.

There is no error.        The judgment is affirmed.