JOHN L. HINTON v. ·H. F. GREENLEAF, et al.

*Dealings between Father and Son—Burden of Proof—Fraud.*

1. Whenever the fraudulent character of a deed depends upon a variety of facts and circumstances connected with the transaction, involving the motive and intent of the parties, the general question of fraud must be left to the jury with instructions as to what constitutes fraud in law.

2. A father purchased property belonging to his son at a mortgage sale and left it in the possession of the son, who subsequently mortgaged it to plaintiff, who brought an action to recover the same, in which the father interpleaded; *Held*, that there was no presumption of fraud requiring the father to show by a preponderance of evidence that the transaction between himself and son was *bona fide*.

CIVIL ACTION, tried before *Brown, J.,* and a jury, at Special Term, 1894, of PASQUOTANK Superior Court. There was judgment for the plaintiff, and defendant (interpleader) appealed. The facts appear in the opinion of Chief Justice FAIRCLOTH.

*Messrs. W. J. Griffin* and *Pruden & Vann,* for plaintiff.
*Mr. E. F. Aydlett,* for defendant (appellant).

FAIRCLOTH, C. J.: This is an action of claim and delivery for personal property. The plaintiff claims under a mortgage dated June 16, 1893, made by H. F. Greenleaf and wife. The defendant interpleader claims under a mortgage dated March 17, 1883, made by the same party to A. F. Conklin. Defendant W. A. Greenleaf, interpleader, took up said mortgage, and afterwards, when the mortgagors failed to pay the debt secured therein, caused the mortgagee Conklin to sell under the power in the deed, when the interpleader became the purchaser and allowed the furniture to remain in the possession of his son, H. F. Greenleaf and wife.

The verdict was in favor of plaintiff and defendants appealed from the judgment.

His Honor charged the jury that " Dealings between father and son, where the rights of the son's creditors are affected thereby, should be scrutinized carefully by the jury, and the burden is on the interpleader to show by a preponderance of evidence the *bona fides* of this transaction, and if you believe, &c." In this there was error as to the burden of proof.

Generally, he who alleges fraud must prove it, to which rule there are exceptions. Where an embarrassed father conveys property to his son or other near relations, fraud is presumed, which may be rebutted by evidence submitted to the jury under proper instructions by the court. There

is, however, a class of cases in which the fraudulent character of the deed depends upon a variety of facts and circumstances connected with the transaction involving the motive and intent of the parties. In such cases, the general question of fraud or otherwise is left to the jury with instructions as to what constitutes fraud in law. To this class this case belongs, without any presumption of fraud, but depending upon the proofs.

There is no evidence that the conveyance to Conklin by H. F. Greenleaf and wife was in *bad faith*, nor does their relation raise any such presumption. W. A. Greenleaf was a purchaser at the sale, and if he acquired title he had a right to allow the furniture to remain with his son without prejudice to his rights, as there is no question as to his creditors. These questions are discussed in the cases cited in *McCanless* v. *Flinchum*, 89 N. C., 373.

Reversed.