J. J. REDMOND et al. v. B. T. CHANDLEY AND N. M.
CHANDLEY.

*Action to Set Aside Deed as Fraudulent—Fraudulent
Conveyance — Issues — Husband and Wife — Convey-
ance by Insolvent Husband to Wife — Presumption of
Fraud—Consideration in Deed.*

1. It is in the sound discretion of the trial judge to determine what
   issues shall be submitted in a trial, and to frame them sub-
   ject to the restrictions (1) that they must be raised by the
   pleadings, (2) that the verdict thereon shall be a sufficient
   basis for a judgment, and (3) that neither party shall be
   debarred for want of an additional issue or issues from pre-
   senting to the jury some view of the law arising out of the
   evidence.

2. In the trial of an action to set aside a deed as fraudulent, where
   the question involved was whether or not the deed was exe-
   cuted by a husband to his wife with the intent to hinder,
   delay and defraud his creditors, it was sufficient to submit
   only two issues, one as to the fraudulent intent of the hus-
   band, and the other as to the wife's knowledge of such fraud-
   ulent intent when she accepted the deed.

3. If fraud appears plainly on the face of an impeached instru-
   ment the presumption of fraud is conclusive and the Court
   will pronounce it void in law without the intervention of a
   jury.

4. If fraud does not appear on the face of an impeached instru-
   ment the facts are to be developed on the trial before a jury;
   and if the plaintiff shows certain facts and circumstances
   strongly tending to show fraud, a presumption of fraud is
   raised which may be rebutted by evidence of *bona fides*, the
   intent of the parties being a matter for the jury to deter-
   mine; but when the facts and circumstances are such as to
   excite a suspicion merely as to the *bona fides* of the trans-
   action they are to be considered as "badges of fraud" and
   closely scrutinized as such, but they do not raise a presump-
   tion of fraud, and the burden of proving fraud is upon the
   party alleging it.

5. The mere fact that a deed is made by an insolvent and embarrassed husband to his wife raises a presumption of fraud in law which must be rebutted by evidence.

6. The recital of a valuable consideration in a deed from an insolvent husband to his wife does not rebut the presumption of fraud which the law raises in the case of such a conveyance.

CIVIL ACTION, to set aside a deed as fraudulent, tried before *Robinson, J.,* and a jury, at July Term, 1895, of MADISON Superior Court. The impeached deed was executed by the defendant, B. T. Chandley, to his wife, the defendant, N. M. Chandley. It recited a consideration of $1,500 paid in money, and was made subject to mortgages aggregating $860. There was evidence that the land was worth $4,000, that the husband was insolvent and much embarrassed by debt at the time of the conveyance, and that he owned no other property, real or personal.

Plaintiffs and defendants tendered several issues which the court declined to submit, and only two were submitted, as follows :

1. Did the defendant, B. T. Chandley, execute and deliver the deed set out in the complaint to hinder, delay, defeat and defraud creditors ?   Answer, " Yes."

2. Did defendant, N. M. Chandley, accept said deed with knowledge of the intent of B. T. Chandley to hinder delay, defeat and defraud creditors ?   Answer, "Yes."

The defendants excepted to the refusal of the court to submit the issues tendered by them, and also excepted to the issues submitted.

Defendants demurred to the sufficiency of plaintiffs' evidence, and asked the court to charge the jury that there was no evidence to warrant a finding in favor of the plaintiffs. His Honor stated that there was no evidence of fraud, but that he would charge the jury that the mere fact that the deed was made by the husband to his wife

REDMOND *v.* CHANDLEY.

raised a presumption of fraud in law and must be rebutted
by evidence.    Defendant insisted that the presumption of
fraud was rebutted by the proved adequacy of the consid-
eration for the deed to N. M. Chandley of $1,500 as stated
in the deed and the assumption of the payment of a one-
thousand-dollar deed of trust on the land held by the West-
ern Carolina Bank of the city of Asheville, which was on
the land at the date of the deed to N. M. Chandley, by
her husband.    Defendants also insisted that plaintiffs must
show that B. T. Chandley was largely indebted at the time
of taking the deed from her husband, B. T. Chandley had
any knowledge of plaintiffs' debt or of any indebtedness
by her said husband.

His Honor held that the presumption of fraud had not
been rebutted, and directed the jury to answer the issues
in favor of plaintiffs.    Defendants excepted, and appealed
from the judgment rendered for the plaintiffs.

*Messrs. Moore & Moore* and *W. W. Zachary*, for
plaintiffs.

*Mr. J. M. Gudger, Jr.*, for defendants (appellants).

MONTGOMERY, J.: Both plaintiffs and defendants ten-
dered issues but the court refused them and substituted
the following:   1. Did the defendant, B. T. Chandley,
execute and deliver the deed set out in the complaint to
hinder, delay, defeat and defraud creditors?   2. Did
defendant, N. M. Chandley, accept said deed with knowl-
edge of the intent of B. T. Chandley to hinder, delay,
defeat and defraud creditors?

These issues were sufficient to try the question raised by
the pleadings—the question whether or not the deed
which was executed by the husband Chandley to his wife
118—37

was done with intent to hinder, delay, defeat and defraud creditors. It is within the sound discretion of the trial judge to determine what issues shall be submitted, and to frame them subject to the restrictions, first, that only issues of fact raised by the pleadings are submitted; secondly, that the verdict constitutes a sufficient basis for a judgment; and, thirdly, that it does not appear that a party was debarred for want of an additional issue or issues of the opportunity to present to the jury some view of the law arising out of the evidence.

The application of the law concerning the burden of proof in cases involving issues of fraud has been greatly simplified by the discussions of the matter in our own reports. A reiteration of the learning, however, may not be out of place here.

If fraud appears plainly upon the face of the instrument impeached, there is no need for the intervention of the jury; the presumption that fraud was intended is conclusive, and the court will pronounce the paper void in law. *Hodges* v. *Lassiter*, 96 N. C., 351; *Brown* v. *Mitchell*, 102 N. C., 347. If the fraud does not appear upon the face of the deed, the facts are to be developed on the trial before the jury. If the plaintiff shows certain facts and circumstances, as for instance that the grantor, insolvent or much embarrassed, has conveyed property of much value to a near relative, and the transaction is secret, and no one is present to witness the trade but these near relatives, and the defendant offers no evidence of good faith in the transaction, or if that which he does offer is not sufficient to be submitted to the jury, the law raises the presumption that the deed is fraudulent, and the jury should be instructed that if they believe the plaintiff's testimony they should answer the issue of fraud in favor of the plaintiff. If, however, these relatives, as witnesses, give evidence in

rebuttal of the presumption of law, the jury should be instructed that if the defendant's testimony satisfies them that there was no purpose of secrecy and that the transaction was fair and the consideration honest and adequate, then the presumption raised by the plaintiff's testimony that the deed was fraudulent is rebutted, and the intent of the parties is a matter for the jury to determine, as the evidence may satisfy them. *Bank* v. *Gilmer*, 116 N. C., 684 ; *Stoneburner* v. *Jeffreys*, Ibid., 86 ; *Brown* v. *Mitchell*, *supra ; Woodruff* v. *Bowles*, 104 N. C., 197. Then, again, if in a case where the facts and circumstances are such as to excite suspicion about the *bona fides* connected with the deed, such as, for instance, an unusual delay in its registration, inadequacy of price, long credit if the grantor is pressed for money, and the like, the matter should be submitted to the jury and they should be instructed that such circumstances are suspicious, are what the law calls *badges* of fraud, to be closely scrutinized, but that they do not constitute a presumption of fraud in law, and that the burden of proof is on the party alleging fraud. *Bank* v. *Gilmer, supra.*

In *Reiger* v. *Davis*, 67 N. C., 185, it is said : " It is a rule of law to be laid down by the court that where a debtor, much embarrassed, conveys property of much value to a near relative, and the transaction is secret, and no one is present to witness the trade but these near relatives, it is to be regarded as fraudulent ; but when these relatives are made witnesses in the cause and depose to the fairness and *bona fides* of the transaction, and that there was in fact no purpose of secrecy, it then becomes a question for the jury to determine the intent which influenced the parties, and to find it fraudulent or otherwise, as the evidence might satisfy them." And that is the law now, notwithstanding there may be some unguarded expressions on the

subject in our Reports since that case was decided. *Helms* v. *Green*, 105 N. C., 251.

In the case before us, the deed alleged to be fraudulent was made by a husband to his wife, the defendant. Does the same rule laid down in *Reiger* v. *Davis*, *supra*, apply to this case? It would seem not. It has been decided in numerous cases that where creditors attack as fraudulent a deed made apparently upon valuable consideration by an insolvent or much embarrassed husband to his wife, without any other badge of fraud or suspicious circumstance, the *onus* is upon the wife to show that the transaction is honest, that the consideration named in the deed has been paid in money or something else of value. *Brown* v. *Mitchell* and *Woodruff* v. *Bowles*, *supra* ; *Stephenson* v. *Felton*, 106 N. C., 114 ; *Peeler* v. *Peeler*, 109 N. C., 628 ; *Bank* v. *Gilmer*, *supra*.

According to these decisions his Honor was correct in instructing the jury that the mere fact that the deed was made by the (insolvent) husband to his wife raised a presumption of fraud in law and must be rebutted by evidence. The defendants offered no evidence. The recital of a consideration in the deed was not evidence against the plaintiff, who was a creditor. It was merely a declaration or admission, of no effect except between grantor and grantee. Waitt on Fraudulent Conveyances, Sec. 220 : *Bank* v. *Beakman*, 36 N. J. Eq., 83.

No Error.