C. W. MITCHELL v. W. J. EURE, Z. L. EURE, and J. D. EURE; and J. W. WHITE.

(Decided February 27, 1900.)

*Fraudulent Conveyance—Wrongful Detention of Papers— Transaction Between Insolvent Debtors and Near Relative—Burden of Proof—Personally Exemption.*

1. On the trial of an issue of fraud when it appears that the assignment made by insolvent sons preferred their father, as against the plaintiff, another creditor, the burden of proof is shifted upon the defendants to prove the fairness of the transaction.

2. Where a debtor makes a voluntary assignment to secure some creditor, with the purpose to perpetrate a fraud on other creditors, the deed is fraudulent and void, although neither the trustee nor the beneficiary participated in, or knew of such fraudulent intent; such is not the case of an innocent purchaser for value, without notice.

3. Where the defendants had obtained possession of their written agreement, relating to the goods assigned, which they failed to produce when required, alleging as the reason that they had placed it in the hands of their attorney, it will be presumed that his custody of the paper is their custody, and that the detention is wrongful, in the absence of evidence that it was out of their power to get it from their attorney.

4. Where the plaintiff had become the owner of note given by defendants for the stock of goods assigned, also of a paper writing executed by them stipulating that upon their failure to pay the note according to its tenor the contract of sale was to become a nullity, upon the assignment being declared fraudulent and void, the defendants were not entitled to claim their personal property exemption, as against the plaintiff, in the stock of goods or in the proceeds of sale thereof.

CIVIL ACTION to set aside a voluntary assignment of a stock of goods made by the defendants, Eures, to a trustee, J. W. White, on the ground of fraud, because made to defeat the plaintiff in the collection of his debt; and also for the recovery of a written agreement containing the conditions of sale of the goods, wrongfully detained from the plaintiff. The creditor preferred was Mills Eure, their father.

The cause came on to be tried before *Allen, J.,* at November Term, 1899, of BERTIE Superior Court.

The jury found the issues of fraud and of wrongful detention against the defendants.

The special instructions asked for by defendants, the charge of his Honor, and their exceptions thereto, are stated in the opinion.

From the judgment rendered in favor of plaintiffs, the defendants appealed to Supreme Court.

*Messrs. R. B. Peebles,* and *C. G. Peebles,* for appellant.
*Mr. Francis D. Winston,* for appellee.

MONTGOMERY, J.  The three defendants, Eures, bought a stock of merchandise from A. L. Burden, at the price of $867.58, and executed their promissory note for the amount to Burden. At the same time a written agreement was entered into between the parties to the effect that the title to the goods was to remain in Burden until the note should be paid —the payments to be made in the sum of at least $20 during each month, while the Eures were to take possession of the goods and sell them, at the same time replenishing the stock. The agreement containing the conditions of the sale was reduced to writing and delivered to Burden, but was never registered.  Afterwards the defendants, Eures, executed a

deed of trust to the other defendant, J. W. White, trustee, to secure an amount of money alleged to be due to their father, Burden, in the meantime, having assigned the note to the plaintiff Mitchell.

This action was commenced to set aside the assignment, made by the Eures to White, trustee, on the ground that it was fraudulent and void because it was made with intent to hinder, delay and defeat the plaintiff in the collection of his debt, and also for the purpose of recovering the possession of the agreement referred to between Burden and the Eures, containing the conditions of the sale, which the plaintiff alleged the Eures had gotten into possession of and wrongfully detained from them.

Two issues were submitted, one as to whether the assignment was made with intent to hinder and defeat the collection of the note and to defraud the plaintiff; and the other, whether at the time of bringing the suit the Eures wrongfully detained the paper writing. The defendants made exception to that part of the charge of the Court concerning business transactions between insolvent children who had disposed of property to their father as against other creditors. That part of the charge is in these words: "The law scrutinized transactions between insolvent relations with their near relations, and when it is shown or admitted that the transaction relied upon is between a father and insolvent children, as against another creditor, the plaintiff will have sufficiently made out a case to shift the burden of the first issue to the defendants." There is no merit in the exception. *Redmond v. Chandley,* 119 N. C., 575, and the cases therein cited. His Honor further instructed the jury that if the intent of the Eures (defendants) was fraudulent, it was immaterial whether the father knew it or not. There was no error in the instruction.

This is not a case in which a grantor, with a fraudulent purpose himself, conveys property to an innocent purchaser for value, but it is a case where a debtor makes a voluntary assignment to secure creditors, and if his purpose is to perpetrate a fraud on the other creditors the deed is fraudulent and void, although neither the trustee nor the beneficiary under the deed participated in, or knew of, such fraudulent intent. *Savage v. Knight,* 93 N. C., 493.

Upon the second issue, the defendants requested the following instruction: "That if defendants were not in the actual possession of the conditional sale at the time this action was commenced, and did not part from the possession of the same for the purpose of keeping plaintiff from getting possession of the paper, then the jury should answer the second issue 'No,'" and that upon this issue the burden was upon the plaintiff. This was refused, and the defendants excepted. The Court had previously instructed the jury "that the burden was on the plaintiff as to both issues, and that defendants' contention as to the second issue being that they had delivered the paper (the conditional sale) to their attorney at his request, and to enable him to write the deed of assignment, that the custody of the paper by the attorney of defendants for them was their custody, and if they refused to give it up simply on the ground that the actual possession was in their attorney, and when it was in their power to get it from their attorney and deliver it, then it would be a wrongful detaining, and the answer to the issue should be 'Yes;' but if it was otherwise, and not in their actual possession, and not in their power to obtain it, the answer should be 'No.'" The instruction given was strictly in accordance with the evidence in the case, was perfectly fair to the defendants, and there was no error in refusing the instructions requested by them.

The other requests of the defendants for instructions in respect to the personal property exemption of the defendants in the goods embraced in the assignment need not be discussed, for the reason that the jury found the deed of assignment was fraudulent, and that the agreement, containing the conditions of the sale of the goods, between Burden, the assignor of the plaintiff, and the defendants was fraudulently detained by the defendants; and, upon those findings, the plaintiff was entitled to the possession of the goods, and therefore to the money which had been derived from the proceeds of a sale of the goods by the trustee, made under a former order of the Court.

There was no error and the judgment is in all respects

Affirmed.